W. SHARP, Judge.
Rozar petitions for belated appeal of the circuit court’s order denying his motion filed pursuant to Florida Rule of Criminal Procedure 3.850. He alleges in his sworn petition that he prepared a notice of appeal of the circuit court’s order, had it notarized on May 13, 1997, and left it with the Department of Corrections to be mailed on that date. However, no notice was ever received by the circuit court, or this court, the attorney general, or the state attorney.
Attached to the petition is a copy of the notice of appeal, signed by Rozar on May 13, 1997, but not notarized. Also attached is an inmate request form in which Rozar states he had a notice of appeal notarized with four envelopes, and asks the date action was taken on his request. The Department responded: “The only date in May I have for you is May 13,1997.”
We directed the state to file a response to this petition. The state did not deny the truth of the facts set forth in Rozar’s petition. Rather, it argued that Rozar failed to affirmatively show his notice was actually mailed by the Department or that he took the necessary precautions to ensure the notice would be mailed.
Rozar filed a response in which he pointed out that the notice of appeal was notarized and turned over to the Department for mailing. That constituted mailing under the “mailbox rule,” based on established Florida case law.[1] He also attached a second inmate request form in which the Department indicated his legal work was notarized on May 13, 1997, but that there is no way to state exactly what the document notarized was, because legal matters are deemed personal, and the only notation made on the record is the inmate’s name, date and the Department of Corrections number. However, the Department also indicated that Rozar had legal documents notarized on May 13, 1997, and mailed by the mail room staff.
Based on these sworn allegations by Ro-zar, the response by the Department of Corrections, and the failure of the state to deny the veracity of the facts set forth, we do not think that an evidentiary hearing is required. Rozar has established his right to a belated appeal.
Accordingly, we grant the writ of habeas corpus. We forward a copy of this order to the trial court, which when it is received, shall serve as a timely notice of appeal.
Petition for Writ of Habeas Corpus GRANTED.
GOSHORN and ANTOON, JJ., concur.

. Haag v. State, 591 So.2d 614 (Fla.1992).