746 So.2d 1249 (1999)
Elton RUMPH, Petitioner,
v.
STATE of Florida, Respondent.
No. 98-1288.
District Court of Appeal of Florida, First District.
December 29, 1999.
Elton Rumph, pro se, petitioner.
Robert A. Butterworth, Attorney General, James W. Rogers, Senior Assistant Attorney General, and Kristina White, Assistant Attorney General, Tallahassee, for respondent.
PER CURIAM.
Elton Rumph petitions this court for a belated appeal of a judgment and sentence of the Bay County Circuit Court. Pursuant to this court's direction, an evidentiary hearing was conducted before a special master, who found that although Rumph timely attempted to direct his trial counsel to pursue an appeal through a letter mailed shortly after the sentencing hearing, that letter never reached counsel. Based on this finding, the special master recommends the granting of a belated appeal. Although the state accepts the special master's findings of fact, it objects to his recommendation, arguing that the facts do not establish that trial counsel rendered ineffective assistance, since he was not informed of his client's desire to initiate an appeal.
*1250 While we agree with the state that the facts do not support the conclusion that trial counsel was ineffective in this circumstance, Rumph's entitlement to a belated appeal is not dependent solely upon a showing that trial counsel was ineffective. Rather, although an error by counsel may give rise to a right to a belated appeal, a belated appeal may also be granted where it is found that other exceptional circumstances have rendered the ordinary appellate process unavailable. See, e.g., Offen v. State, 662 So.2d 742 (Fla. 4th DCA 1995). Belated appeals have thus been granted where, for example, it is established that a copy of the order being appealed was not timely received, or that a notice of appeal mailed by an incarcerated defendant was never received by the lower tribunal. See, e.g., Battles v. State, 739 So.2d 740 (Fla. 1st DCA 1999); Rozar v. State, 701 So.2d 1201 (Fla. 5th DCA 1997). In light of the special master's finding in this case that Rumph timely attempted to communicate a desire to appeal to his counsel, we find that counsel's failure to initiate an appeal because he did not receive his client's correspondence constitutes an exceptional circumstance warranting the granting of a belated appeal.
Accordingly, the petition seeking a belated appeal of the judgment and sentence imposed on or about April 16, 1996, in Bay County Circuit Court Case No. 95-2651, is granted. Upon issuance of mandate in this cause, a copy of this opinion shall be provided to the clerk, of the circuit court for treatment of as a notice of appeal. Fla. R.App. P. 9.140(j)(5)(D). If petitioner qualifies for appointed counsel, the trial court shall appoint counsel to represent petitioner on appeal.
LAWRENCE, DAVIS and VAN NORTWICK, JJ., concur.