COBB, Judge.
Petitioner, Robert Higgs, seeks a writ of habeas corpus claiming that his appeal rights in a 3.850 proceeding were violated. Higgs was convicted in 1988 for two counts of capital sexual battery and aggravated child abuse. Higgs filed a 3.850 motion, which was summarily denied on August 1, 1990. On August 13, 1990, Higgs filed a motion for rehearing which was denied by the court on August 20, 1990. Higgs alleges that on September 17, 1990, he “filed” a notice of appeal and a motion to proceed in forma pauperis. The trial court denied the motion to proceed in forma pauperis on September 26, 1990, stating that no appeal was taken within thirty days and the time had expired. Higgs contends that the trial court, by not acknowledging his timely notice of appeal, has prevented his appeal from moving forward.
Although Higgs first alleged that he filed a notice of appeal on September 17, 1990, he later alleged in the same petition that the notice of appeal was notarized and turned over to prison officials for mailing on September 17, 1990. This now appears to be a distinction without a difference since the Florida Supreme Court has adopted “the mailbox rule” in relation to the filing of prisoners’ legal documents. In Haag v. State, 591 So.2d 614 (Fla.1992), the supreme court held that a pro se 3.850 motion which was turned over to prison authorities for mailing within the two year limitation period is timely even if not stamped by the court clerk until after the time limit had expired. Although Haag, concerned the filing of a 3.850 motion, presumably the mailbox rule would extend to notices of appeal filed by prisoners. The Florida Supreme Court, in adopting the mailbox rule, cited Houston v. Lack, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), which addressed the filing of legal documents by federal inmates. The United States Supreme Court held that under the mailbox rule, a petition or notice of appeal filed by a pro se inmate is deemed filed at the moment and time the inmate loses control over the document by entrusting its further delivery or processing to agents of the state. 108 S.Ct. at 2384.
A factual issue in the present case is whether a timely notice of appeal was filed. If Higgs’ sworn allegations are true, his notice of appeal was timely filed under the mailbox rule and he would be entitled to have his appeal processed under the summary denial procedure described in Florida Rule of Appellate Procedure 9.140(g). We therefore appoint the trial judge in this case as commissioner to conduct an eviden-tiary hearing to give Higgs the opportunity to prove his allegations. The trial judge shall report his findings to this court within forty-five days from the issuance of this opinion. We reserve ruling on the petition until the commissioner’s report is received.
REMANDED.
GOSHORN, C.J., and GRIFFIN, J„ concur.