761 So.2d 324 (2000)
Ricardo THOMPSON, Petitioner,
v.
STATE of Florida, and The Florida Department of Corrections, Respondents.
No. SC95751.
Supreme Court of Florida.
July 13, 2000.
Richardo Thompson, Wewahitchka, Florida, Petitioner, pro se.
*325 Susan A. Maher, Deputy General Counsel, Department of Corrections, Tallahassee, Florida, for Respondents.
PER CURIAM.
Petitioner filed a petition for review asserting that the decision in Thompson v. State, 731 So.2d 819 (Fla. 5th DCA 1999), expressly construes a provision of the state or federal constitution. See Art. V, § 3(b)(3), Fla. Const. The petition was dismissed, however, as untimely filed. We have before us petitioner's motion for reinstatement, which we hereby grant. We write to explain that from this point forward, since a large number of Florida's state and county correctional and detention facilities have not set up workable procedures for documenting the date when inmates submit legal documents to them for mailing to the courts, this Court will no longer require that inmates attempt to obtain additional proof of the timely submission of their documents to these officials. We will accept as presumptively timely a pleading which includes a certificate of service showing that the pleading was placed in the hands of officials for mailing on a particular date, if the pleading would be timely filed if it had been received and file-stamped by the Court on that particular date.

FACTS
Thompson appealed his conviction to the Fifth District which, in a written opinion dated April 30, 1999, affirmed. See Thompson v. State, 731 So.2d 819 (Fla. 5th DCA 1999). Thompson asserts that he prepared a notice to invoke discretionary jurisdiction which he handed over to prison officials for mailing on May 28, 1999. On the notice, Thompson included a certificate of service indicating that he was submitting his notice (to prison officials) on that same day (May 28, 1999). The Fifth District received and file-stamped the notice on June 3, 1999, and forwarded the notice to this Court, which received and file-stamped it on June 8, 1999. In accordance with the prior policy of this Court, since the notice was not actually filed in this Court within the requisite time-frame, Thompson's petition for review was dismissed as untimely. In the dismissal order, however, Thompson was advised that his case might be reinstated if he established timeliness in a proper motion filed within fifteen days of the date of the order. In a motion for reinstatement, Thompson asserted that he had timely filed his notice to invoke because he "filed" his document under the "mailbox rule" for filing established in Haag v. State, 591 So.2d 614 (Fla.1992), when he placed his document in the hands of prison officials on May 29, 1999 (he later stated that he erred and meant May 28, 1999). The clerk's office instructed Thompson to send this Court a copy of his institution's outgoing mail log. Thompson responded asserting that the Apalachee Correctional Institution does not keep an outgoing mail log. Thompson attached copies of grievance responses from his institution in which prison officials informed Thompson that it maintained no outgoing mail log. The Florida Department of Corrections (hereinafter the Department) was added as a party and asked to file a preliminary response addressing the practical application of the mailbox rule. The Department responds that it was unaware that the individual institutions had not properly instituted procedures to implement this Court's decision in Haag.
Thompson argues that his notice to invoke should have been considered timely because this Court held in Haag that an inmate's document is deemed "filed" when he or she places it in the hands of prison officials. Thompson states that he timely placed his notice to invoke in the hands of prison officials, but since his institution maintains no outgoing mail log in which it documents when inmates submit their legal documents to prison officials for mailing, Thompson cannot provide any additional evidence that he actually submitted his notice to the officials on time.

*326 ANALYSIS

Under this Court's decision in Haag,[1] since an inmate loses control of his document after placing it in the hands of prison officials who may not timely mail the document, this Court has held that an inmate's document is deemed "filed" when he or she places it in the hands of prison officials. Nevertheless, we have generally required that inmates provide additional proof, usually in the form of copies of their institutions' outgoing mail logs, that the document was actually placed in prison officials' hands on the relevant date.
In the past, although there was no rule requirement that prisons keep either an outgoing mail log or an incoming mail log, many institutions had both types of mail logs. The most recent version of the Department's rule now specifically requires that all state correctional institutions keep an incoming mail log (the rule does not cover county jails). However, there is still no official requirement that an institution keep an outgoing mail log. See Fla. Admin. Code R. 33-602.402(15). Some institutions, however, continue to have an outgoing mail log and when such a log is maintained, the inmates may request a certified photocopy of it in order to prove that the inmate did actually place his or her document in the hands of prison officials on a certain date.
Nevertheless, even in a number of institutions which do maintain an outgoing mail log, the log does not comply with the procedures set forth in Haag. The important date for purposes of the mailbox rule is the date when the inmate hands over his or her documents to prison officials for mailing. At a number of institutions, the date recorded on the outgoing mail log is the date the document is actually mailed and not the date when it was submitted to prison officials. Therefore, if the inmate happens to be incarcerated in an institution that does not maintain an outgoing mail log or one that maintains a log which does not provide the relevant information, the inmate cannot meet the burden of proving the document was handed over to prison officials in a timely manner. In other words, such inmates are placed in a "Catch-22" situation due to no fault of their own. Therefore, in order to carry out the intent of our decision in Haag, henceforth we will presume that a legal document submitted by an inmate is timely filed if it contains a certificate of service showing that the pleading was placed in the hands of prison or jail officials for mailing on a particular date, if that the pleading would be timely filed if it had been received and file-stamped by the Court on that particular date. This presumption will shift the burden to the State to prove that the document was not timely placed in prison officials' hands for mailing. Should the State wish to have a means of verifying or objecting to an inmate's assertion that his or her pleading was actually placed in the hands of prison or jail officials on a particular date, we leave it to the State to create and implement the mechanism for doing so.
Accordingly, petitioner's motion for reinstatement is hereby granted and the State is instructed to file an answer brief on jurisdiction within twenty days of the date this decision becomes final.
It is so ordered.
WELLS, C.J., and SHAW, HARDING, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.
NOTES
[1] Our decision in Haag specifically concerned the filing of a postconviction motion. Subsequently, the rule was generally extended to other types of filings. See, e.g., Gonzalez v. State, 604 So.2d 874 (Fla. 1st DCA 1992); Higgs v. State, 599 So.2d 274 (Fla. 5th DCA 1992).