WHATLEY, Judge.
Donald Lee Smith appeals the summary denials of his motion for postconviction relief, filed under Florida Rule of Criminal Procedure 3.850, and his motion for rehearing, which was denied as untimely. We reverse.
Smith argues that his motion for rehearing was timely based on the mailbox rule set forth in Haag v. State, 591 So.2d 614 (Fla.1992). Smith’s motion for rehearing, authorized by rule 3.850(g), contained a certificate of service dated August 29, 2000. The motion was file-stamped by the trial court clerk’s office on September 5, 2000. Using this later date, the trial court denied the motion as untimely. Had the trial court used the earlier date contained in the certificate of service, the motion would have been timely. But the trial court held that the certificate of service did not meet the requirements of Thompson v. State, 761 So.2d 324 (Fla.2000).
In Thompson, after noting that Florida prisons do not uniformly maintain outgoing mail logs, the supreme court held:
[W]e will presume that a legal document submitted by an inmate is timely filed if it contains a certificate of service showing that the pleading was placed in the hands of the prison or jail officials for mailing on a particular date, if .the pleading would be timely filed if it had been received and file-stamped by the Court on that particular date.
Thompson, 761 So.2d at 326. There are no requirements for a specific certificate of service for incarcerated defendants, see Fla. R.Crim. P. 3.030(e), and we do not read Thompson as requiring special language in the standard certificate of service. Therefore, the trial court erred by denying the motion for rehearing as untimely.
On the substantive claims, we affirm without discussion the trial court’s denial of all claims except for the one addressed *35 by the motion for rehearing. As argued there, the trial court failed to address one claim regarding the voluntariness of Smith’s plea. On remand, if the record conclusively refutes this claim, the trial court may deny relief with the appropriate attachments from the record. See Colon v. State, 595 So.2d 271 (Fla. 2d DCA 1992). Otherwise, an evidentiary hearing will be required.
Affirmed in part, reversed in part, and remanded.
BLUE, A.C.J., and SILBERMAN, J., concur.