COVINGTON, Judge.
Donald Antonio Mitchem appeals the summary denial of his postconviction motion filed pursuant to Florida Rule of Criminal Procedure 3.850. The trial court denied the motion because it was not filed within two years of the appellate mandate which was issued on July 10, 1998. The certificate of service on the motion, however, was dated July 10, 2000, which would have been within the two-year limit. We reverse and remand.
A pleading is presumed to be timely if the certificate of service shows that it was given to “officials for mailing on a certain date, if the pleading would be timely filed if it had been received and file-stamped by the Court on that particular date.” *1115 Thompson v. State, 761 So.2d 324, 325 (Fla.2000). The State carries the burden of proving that the document was not given to prison officials on the date listed in the certificate of service. Id. at 326.
The trial court erred by denying Mit-chem’s motion as untimely. We reverse. On remand, the trial court may allow the State the opportunity to prove that Mit-chem’s motion was not given to prison officials on July 10, 2000. If the State does not carry this burden of proof, the trial court shall rule on the merits of Mit-chem’s motion for postconviction relief.
Reversed and remanded.
DAVIS and KELLY, JJ„ Concur.