816 So.2d 600 (2002)
Walter J. GRIFFIN, Petitioner,
v.
D.R. SISTUENCK, et al., Respondents.
No. SC01-1402.
Supreme Court of Florida.
May 2, 2002.
Walter J. Griffin, pro se, Daytona Beach, FL, for Petitioner.
Charlann Jackson-Sanders, Assistant Attorney General, Tampa, FL; and Susan W. Wright, Chief Central Staff Attorney, Fifth District Court of Appeal, Daytona Beach, FL, for Respondents.
PER CURIAM.
Walter J. Griffin petitions this Court for writ of mandamus seeking reinstatement of an appeal. We have jurisdiction. See art. V, § 3(b)(8), Fla. Const.

*601 FACTS
While serving a prison sentence in a Florida prison, Griffin filed a civil rights complaint in circuit court alleging that prison officials filed false disciplinary reports against him and denied him access to the courts by placing him in administrative and disciplinary confinement.[1] In an order which was rendered on January 24, 2001, the circuit court dismissed Griffin's petition and Griffin appealed. The certificate of service attached to the notice of appeal provided: "I, Walter Griffin, certif[y] that a true and correct copy has been furnished via U.S. Mail to" the Clerk of Court of the Volusia County Circuit Court and an Assistant Attorney General in Tampa. The certificate was dated February 21, 2001; however, the notice of appeal was not file-stamped by the clerk's office until March 6, 2001. On May 2, 2001, the Fifth District Court of Appeal issued an order directing Griffin to show cause why his appeal should not be dismissed as untimely. On May 18, 2001, the Fifth District dismissed Griffin's appeal for lack of jurisdiction. The instant petition for writ of mandamus follows.

ANALYSIS
As a preliminary matter, we note that a petition for writ of mandamus is the proper vehicle to compel a district court to reinstate an appeal dismissed for lack of jurisdiction, and a dismissal based on untimeliness is a dismissal for lack of jurisdiction. See Sky Lake Gardens Recreation, Inc. v. District Court of Appeal, 511 So.2d 293, 294 (Fla.1987). Therefore, Griffin has sought the proper remedy.
Florida Rule of Appellate Procedure 9.110(b) provides that jurisdiction of an appellate court to consider an appeal of a final order is invoked by filing two copies of a notice of appeal "within 30 days of rendition of the order to be reviewed." Failure to file the notice within thirty days deprives the appellate court of jurisdiction to consider the appeal. See generally Williams v. State, 324 So.2d 74 (Fla.1975).
In Houston v. Lack, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), the United States Supreme Court, recognizing that inmates cannot take the steps other litigants can to ensure that a notice of appeal is stamped or to establish the date that the court received their notice, held that a "mailbox rule" is applicable to prisoners. Under the mailbox rule, a notice is deemed filed when it is delivered to prison authorities for mailing. See id. at 276, 108 S.Ct. 2379. It is called the "mailbox rule" because when an inmate places his or her documents in prison officials' hands, the inmate has, in essence, placed the documents "in the mailbox." In Haag v. State, 591 So.2d 614, 617 (Fla.1992), we recognized the "mailbox rule" in Florida. More recently, in Thompson v. State, 761 So.2d 324, 326 (Fla.2000), we acted to remedy a further problem associated with the "mailbox rule." In that case we took note that many correctional institutions in Florida no longer provide for outgoing mail logs and, thus, inmates incarcerated in those institutions could not provide any evidence that they had actually placed their legal documents in the hands of prison officials in a timely manner. Therefore, to carry out the intent of the decision in Haag, we held that
henceforth, we will presume that a legal document submitted by an inmate is timely filed if it contains a certificate of service showing that the pleading was placed in the hands of prison or jail officials for mailing on a particular date, *602 if ... the pleading would be timely filed if it had been received and file-stamped by the Court on that particular date.
Id. We left it to the State to institute a mechanism (such as an outgoing mail log, for example) for disproving such an assertion, should it see the need to do so. To our knowledge, the State has seen no need to institute such a mechanism.
After our decision in Thompson, Florida Rule of Appellate Procedure 9.420, which governs filing, service of copies, and computation of time, was amended to incorporate this Court's decision in Thompson. See Amendments to Florida Rules of Appellate Procedure, 780 So.2d 834 (Fla. 2000). Rule 9.420(a)(2) tracks the language of Thompson almost verbatim, providing:
A document filed by a pro se inmate confined in an institution is timely filed if the inmate places the document in the hands of an institution official for mailing on or before the last day for filing. Such a document shall be presumed to be timely filed if it contains a certificate of service certifying that the inmate placed the document in the hands of an institution official for mailing on a particular date, and if the document would have been timely filed had it been received and file-stamped by the court on that date.
Thus, the issue presented by the instant case is whether an inmate must include the exact language set forth in Thompson and rule 9.420 to invoke the mailbox rule.[2]
Recently, the Second District Court of Appeal, examining our decision in Thompson, concluded that we did not intend that an inmate recite the exact phrase, "the pleading was placed in the hands of prison or jail officials for mailing" on a particular date in the certificate of service in order for the pleading to fall under the "mailbox rule." See Smith v. State, 793 So.2d 34 (Fla. 2d DCA 2001). We agree with the Second District. Our decision in Thompson was intended to reduce the hurdles inmates encounter in gaining access to the courts, not to put in place additional hurdles.
In Griffin's certificate of service he asserted that he had "mailed" his notice of appeal on February 21, 2001. Under Haag and Thompson, an inmate's document is mailed when it is placed in the hands of prison officials for mailing because the inmate has no other way to send documents to the courts. Further, we note that although the amendments to the appellate rules proposed by the Appellate Rules Committee and adopted by this Court added subdivision (a)(2) to rule 9.420(a), which indicates how an inmate confined in an institution may timely file a document in accordance with Thompson, the only certificate of service provided in that rule contains language similar to the language that the litigant used in this case.[3] For all these reasons, we conclude that Griffin was not required to use the exact language provided in subdivision (a)(2) in order for his document to be deemed timely filed in accordance with the mailbox rule.[4]
*603 Because the trial court's order dismissing Griffin's complaint was rendered on January 24, 2001, and Griffin's certificate of service was dated February 21, 2001, we conclude that Griffin's notice of appeal was timely filed under rule 9.420 and that the Fifth District should not have dismissed the appeal as untimely. Therefore, we grant the petition and direct that the Fifth District reinstate Griffin's appeal. Because we trust that the Fifth District will fully comply with this decision, we withhold issuance of the writ.
It is so ordered.
WELLS, C.J., and SHAW, HARDING, ANSTEAD, PARIENTE, and LEWIS, JJ., concur.
QUINCE, J., dissents with an opinion.
QUINCE, J., dissenting.
I disagree with the majority's decision to grant the petition for writ of mandamus because the district court correctly dismissed the appeal as untimely filed. The trial court dismissed Griffin's civil rights case on January 23, 2001. Griffin's notice of appeal was docketed in the trial court on March 6, 2001, some forty-two days after the order sought to be appealed was entered. The district court dismissed the appeal for lack of jurisdiction because the notice was untimely. This Court is now requiring the district court to reinstate the appeal based on our prior decision of Thompson v. State, 761 So.2d 324 (Fla. 2000). In Thompson, we indicated that a legal document submitted by an inmate, which has a certificate of service showing that the pleading was placed in the hands of prison or jail officials on a particular date that would make the pleading timely filed if received by the court on that date, would be accepted as timely filed. However, in this case, the certificate of service filed by Griffin does not state it was given to prison officials on a particular date. The certificate indicates copies were mailed to the clerk of court and the assistant attorney general on a particular date. I do not believe that such a certificate satisfies the requirement of Thompson. Therefore, I respectfully dissent.
NOTES
[1] Although Griffin has since been released from the custody of the Department of Corrections, we conclude that his release does not render the issue in this case moot.
[2] The State in its response to Griffin's petition candidly concedes that Griffin's notice of appeal appears to be timely filed under the mailbox rule.
[3] The certificate of service in rule 9.420(c)(2) apparently is intended only for use by attorneys and states that: "I certify that a copy has been furnished to ... (here insert name or names). .... by. .... (delivery)(mail). .... on. .... (date)...." See Fla. R.App. P. 9.420(c)(2).
[4] Because at the present time the appellate rules contain only one certificate of service form for use by attorneys, we hereby refer the instant matter to the Appellate Court Rules Committee to propose an amendment to rule 9.420 to include a separate certificate of service form for use by inmates who are confined in an institution and whose filings are governed by rule 9.420(a)(2). In addition, the committee may wish to consider the provision of a separate certificate of service for use by pro se litigants.