829 So.2d 296 (2002)
James Edward WIMBUSH, Petitioner,
v.
PASCO COUNTY SHERIFF'S OFFICE, Respondent.
No. 2D02-1173.
District Court of Appeal of Florida, Second District.
October 18, 2002.
Rehearing Denied November 8, 2002.
James Edward Wimbush, pro se.
Michael J. Randall, New Port Richey, for Respondent.
PARKER, Judge.
James Wimbush seeks review by certiorari of the decision of the Sixth Circuit Court sitting in its appellate capacity, which affirmed the county court's dismissal of Wimbush's case. Although we deny the petition, we write because the county court misapplied the mailbox rule to Wimbush's filings.
Wimbush filed a replevin complaint in Pasco County Court against the Pasco County Sheriff's Office and several individual defendants. The Sheriff's Office, acting on behalf of all named defendants, filed a motion to dismiss Wimbush's complaint based on the expiration of the statute of limitations. Following a hearing, the county court granted the motion to dismiss with prejudice, finding as a matter of law that Wimbush's action was barred by the statute of limitations.
Wimbush filed a motion for rehearing, arguing that the expiration of the statute of limitations was not clearly established on the face of his complaint and that therefore the dismissal was improper. The Sheriff's Office filed a response, arguing that Wimbush's motion for rehearing should be dismissed rather than denied *297 because it was not served within ten days of rendition of the trial court's order as required by Florida Rule of Civil Procedure 1.530(b). After a hearing at which the Sheriff's Office entered into evidence a certified copy of the front and back of the envelope Wimbush used to mail his motion to the Sheriff's Office, the county court dismissed Wimbush's motion for rehearing as untimely served. However, the county court also stated that it would have denied Wimbush's motion on the merits had the motion been timely.
Wimbush filed a notice of appeal with the circuit court, arguing that his motion for rehearing was timely served and that the dismissal of his motion for rehearing should be reversed. The circuit court affirmed the county court's dismissal of Wimbush's action. Wimbush then filed his petition for writ of certiorari in this court.
In finding that Wimbush's motion for rehearing was untimely served, the county court misapplied the mailbox rule. Since 1992, the law in Florida has been that a prison inmate may rely on the mailbox rule when filing and serving legal documents.
Under the mailbox rule, a petition or notice of appeal filed by a pro se inmate is deemed filed at the moment in time when the inmate loses control over the document by entrusting its further delivery or processing to agents of the state. Usually, this point occurs when the inmate places the document in the hands of prison officials.
Haag v. State, 591 So.2d 614, 617 (Fla. 1992) (citing Houston v. Lack, 487 U.S. 266, 275, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988)). Under Haag, if the State challenged the timeliness of filing under the mailbox rule, the inmate was required to prove that the document was given to prison officials within the allowed time frame. Haag, 591 So.2d at 617 n. 3. Inmates usually used the prison's outgoing mail log as proof of the document's timely delivery to prison officials. Id.
However, problems in proving timely delivery arose when various Florida prisons stopped maintaining outgoing mail logs. In response to this problem, the supreme court eliminated the requirement that inmates provide independent proof of timely delivery to prison officials. In Thompson v. State, 761 So.2d 324, 326 (Fla.2000), the supreme court stated:
The important date for purposes of the mailbox rule is the date when the inmate hands over his or her documents to prison officials for mailing. At a number of institutions, the date recorded on the outgoing mail log is the date the document is actually mailed and not the date when it was submitted to prison officials.
Therefore, the supreme court held that it would presume that a legal document was timely served and filed if it contained a certificate of service showing that the document was placed into the hands of prison officials for mailing on a specific date and if the document would have been timely filed or served had it been received by the court on that date. Id. If the document was timely based on the date on the certificate of service, the burden would shift to the State to prove that the document was not timely placed into the prison officials' hands for mailing. Id. This rule applies to documents filed and served by inmates in civil cases as well as criminal cases. See Griffin v. Sistuenck, 816 So.2d 600 (Fla. 2002) (applying the mailbox rule in a civil rights case brought by inmate).
Based on the clear holdings of Haag and Thompson, Wimbush's motion for rehearing was timely served because the date on the certificate of service was within the ten-day period for serving a motion for rehearing. Contrary to the Sheriff's Office's assertions, the date stamped on the envelope by the prison *298 mail room is irrelevant, as is the postmark. Therefore, the trial court applied the incorrect law in dismissing Wimbush's motion for rehearing as untimely.
Nevertheless, we deny Wimbush's petition. In Ivey v. Allstate Insurance Co., 774 So.2d 679, 682 (Fla.2000), the supreme court stated that "the proper inquiry under certiorari review is limited to whether the circuit court afforded procedural due process and whether it applied the correct law." See also Haines City Cmty. Dev. v. Heggs, 658 So.2d 523, 528 (Fla.1995); Combs v. State, 436 So.2d 93, 95 (Fla.1983). However, the mere existence of legal error is not sufficient to support issuance of the writ. Rather,
the departure from the essential requirements of the law necessary for the issuance of a writ of certiorari is something more than simple legal error. Both Combs and Heggs suggest that the district court should examine the seriousness of the error and use its discretion to correct an error "only when there has been a violation of [a] clearly established principle of law resulting in a miscarriage of justice."
Ivey, 774 So.2d at 682 (quoting Stilson v. Allstate Ins. Co., 692 So.2d 979, 982-93 (Fla. 2d DCA 1997)).
In this case, both the county and circuit courts failed to apply the correct law when they considered the timeliness of Wimbush's motion for rehearing. However, because the county court clearly stated that Wimbush's motion for rehearing did not raise any new facts or law that had not been addressed before the original order was entered, Wimbush has not established that this error resulted in a miscarriage of justice.
Petition for writ of certiorari is denied.
WHATLEY, J., concurs.
FULMER, J., concurs specially.
FULMER, Judge, Specially concurring.
I agree that the petition for writ of certiorari should be denied. Because the county court misapplied the mailbox rule, Wimbush's motion for rehearing was erroneously dismissed and, in turn, Wimbush was denied a merits ruling on his motion for rehearing. The fact that the county court recited that it would have found no merit had it entertained the motion is not germane to our review in this certiorari proceeding because the county court did not render a ruling on the merits and, thus, the merit of the motion was not an issue before the circuit court, nor is it an issue before this court. Nevertheless, I concur with the decision to deny the petition because Wimbush has failed to demonstrate that the merits of his motion, if properly entertained, could have provided him relief. Wimbush has thus shown legal error in this proceeding but has failed to show that the error resulted in a miscarriage of justice.