857 So.2d 237 (2003)
James C. BULLEY, Appellant,
v.
STATE of Florida, Appellee.
No. 2D03-1503.
District Court of Appeal of Florida, Second District.
August 22, 2003.
Rehearing Denied October 10, 2003.
*238 COVINGTON, Judge.
James C. Bulley appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. As part of a timely filed motion for rehearing of the denial, Bulley filed a motion to enlarge time to file a supplement and a motion to supplement his rule 3.850 motion. Because the motion to enlarge and motion to supplement were filed in a timely manner, the trial court should have considered the additional facts raised in Bulley's motion to supplement. Accordingly, we reverse the trial court's orders and remand for further proceedings.

I. FACTS
On April 16, 1998, Bulley was convicted of burglary of a dwelling, kidnapping, and sexual battery. On June 4, 1998, he was sentenced as a habitual felony offender to thirty years' prison on the burglary charge and fifty years' prison on the kidnapping and sexual battery charges. This court affirmed Bulley's convictions and sentences, Bulley v. State, 780 So.2d 67 (Fla. 2d DCA 2000) (table decision), and issued its mandate on January 3, 2001. Bulley submitted an initial sworn motion for postconviction relief alleging ineffective assistance of counsel, bearing a certificate of service date of January 3, 2003. The trial court accepted the initial sworn motion as timely and summarily denied it on the merits as facially insufficient on January 22, 2003.
Bulley then filed a timely motion for rehearing, bearing a certificate of service date of February 7, 2003. The motion for rehearing was filed on February 11, 2003, and had two attachments: (1) an unsworn motion for enlargement of time, bearing a certificate of service date of January 9, 2003; and (2) a sworn supplement to his initial motion for postconviction relief, bearing a certificate of service date of January 7, 2003.
The court determined that the attached motion for enlargement was filed simultaneously with the motion for rehearing. The court noted, however, that the motion for enlargement of time did not appear on the Criminal Justice Information System Docket Screen. Accordingly, the court filed the attached motion for enlargement nunc pro tunc to February 11, 2003, and denied the motion for rehearing.
The trial court also denied the attached motion to supplement. The order stated *239 that the supplement was filed on February 11, 2003, and denied it because: (1) Bulley's initial rule 3.850 motion was already denied on its merits on January 22, 2003, and therefore there was no pending motion for postconviction relief; and (2) the supplement was untimely because the time period to file the rule 3.850 motion expired on January 3, 2003.

II. ANALYSIS
The question presented in this appeal is whether Bulley's motion to enlarge and motion to supplement were timely filed. Under the "mailbox rule," announced in Haag v. State, 591 So.2d 614, 617 (Fla.1992), a pro se postconviction relief motion is deemed filed on the date the inmate relinquished control of the document to State officials for delivery. In addition, the date reflected on the certificate of service is presumed to be the date on which the document is filed. Thompson v. State, 761 So.2d 324, 326 (Fla.2000). Bulley's motions were timely filed and therefore should have been considered by the trial court.
In Thompson, the defendant filed a notice to invoke discretionary jurisdiction reflecting a timely date in the certificate of service. 761 So.2d at 325. The file stamp, however, reflected a date that made the defendant's notice untimely. Id. Since the notice was not physically filed within the required time period, the Florida Supreme Court denied the defendant's petition for review as untimely. Id. The court granted the defendant's motion for reinstatement, however, holding that the date reflected on the certificate of service is presumed to be the date on which the document is filed. Id. at 326.
Although the court noted that inmates are generally required to provide additional documentation, such as a copy of the institution's outgoing mail log, the court pointed out that there is no official requirement for institutions to do so. Id. Moreover, the court noted that generally mail logs do not comply with the procedures set forth in Haag because the date recorded in the log is usually the date the document is mailed, and not the date the inmate actually releases the document to State officials. Thompson, 761 So.2d at 326. Thus, defendants at institutions that do not comply with Haag procedures, or do not keep a mail log at all, are unable to prove that they turned over the document to State officials in a timely manner. Thompson, 761 So.2d at 326.
The Thompson court held that the relevant date for the purposes of the mailbox rule is not the date the document is mailed, but rather the date the document leaves the defendant's control. Id. Consequently, in the interest of staying true to its intent in Haag, the court held that the date reflected on the certificate of service is now presumed to be the date the document is placed in the hands of State officials. Thompson, 761 So.2d at 326. This presumption shifts the burden to the State to prove the document was not relinquished in a timely fashion to State officials. Id. The Florida Supreme Court codified the ruling in Thompson by amending Florida Rule of Appellate Procedure 9.420, tracking verbatim the language in the case. Fla. R.App. P. 9.420(a)(2).
In the instant case, Bulley's certificates of service reflect dates of January 7, 2003, for the supplement to his initial motion for postconviction relief, and January 9, 2003, for the motion for enlargement of time. Therefore, pursuant to Thompson, these are the presumed filing dates for these motions. See 761 So.2d at 326. Although Bulley's supplement is presumed filed January 7, 2003, the two-year rule does not bar the enlargement of issues *240 raised in a timely sworn initial motion for postconviction relief if the amendment is filed prior to the court's disposition of the motion. See Rogers v. State, 782 So.2d 373, 376 n. 7 (Fla.2001) (holding in part that the two-year limitation does not preclude enlargement of issues in a timely filed initial motion for postconviction relief); Brown v. State, 596 So.2d 1026, 1027 (Fla.1992) (holding that the two-year limitation for filing a motion to vacate does not preclude the enlargement of issues raised in a timely filed motion for postconviction relief); Graham v. State, 846 So.2d 617, 618 (Fla. 2d DCA 2003) (holding that a timely filed rule 3.850 motion, prior to its disposition, may be amended even after the two-year period for a timely filed initial motion has run).
Furthermore, although Bulley alleges that his prison does not keep an outgoing mail log, the dates on his certificates of service alone are sufficient to establish a presumption of timely filing. See Martin v. Dep't of Revenue ex rel. Martin, 827 So.2d 367, 368 (Fla. 2d DCA 2002) (holding that a petition that reflects a timely certificate of service date is sufficient to invoke the mailbox rule); Wimbush v. Pasco County Sheriff's Office, 829 So.2d 296, 297 (Fla. 2d DCA 2002) (holding in part that Thompson essentially eliminated the need for independent proof to corroborate the date reflected on the defendant's certificate of service). Consequently, since both motions are presumed filed prior to the court's January 22, 2003, order, the motion to enlarge and the motion to supplement were timely filed.
Generally, an evidentiary hearing on an ineffective assistance of counsel claim is warranted if the defendant alleges specific facts that are not conclusively refuted by the record and demonstrate a deficiency in the performance that prejudiced the defendant. See Ragsdale v. State, 720 So.2d 203, 207 (Fla.1998); Pugh v. State, 804 So.2d 1278, 1279-80 (Fla. 2d DCA 2002) (holding that a defendant is entitled to an evidentiary hearing on his postconviction relief claims unless the record conclusively refutes his claims or the motion is legally insufficient). However, because the trial court did not first consider Bulley's motion to supplement and any timely-raised claims therein, we do not reach the issue of whether Bulley's ineffective assistance of counsel claims warrant an evidentiary hearing on the merits.
Accordingly, we reverse the trial court's order denying Bulley's motion for rehearing and motion to supplement, and remand for further proceedings to consider the motion to supplement. If the motion is summarily denied, the trial court must attach portions of the motions, files, and records that conclusively refute Bulley's claims, unless the motion is facially or legally insufficient. Otherwise, the trial court must conduct an evidentiary hearing to consider the motion to supplement on its merits. See Fla. R.Crim. P. 3.850(d).
Reversed and remanded.
NORTHCUTT and WALLACE, JJ., concur.