PER CURIAM.
Appellant Michael Durrant appeals the denial, as untimely, of his Motion for Post-Conviction Relief under Florida Rule of Criminal Procedure 3.850. Durrant claims that his motion was timely filed and as proof submits a certificate of service date-stamped September 16, 2002 by the prison library. The State, however, contends this stamp does not prove that the document was received by prison officials “for mailing.” [1]
The face of the record is unclear as to whether Durrant’s motion was timely. Thus, we remand for an evidentiary hearing to determine whether the motion was delivered to prison officials, for mailing, in a timely fashion. See Fla. R.App. P. 9.420(a)(2); Thompson v. State, 761 So.2d 324, 326 (Fla.2000) (holding certificate of service showing inmate timely delivered legal document to prison officials for mailing shifts burden of proof to State).
Remanded with instructions.

. Florida Rules of Appellate Procedure state: A document filed by a pro se inmate confined in an institution is timely filed if the inmate places the document in the hands of an institution official for mailing on or before the last day for filing. Such a document shall be presumed to be timely filed if it contains a certificate of service certifying that the inmate placed the document in the hands of an institution official for mailing on a particular date, and if the document would have been timely filed had it been received and file-stamped by the court on that date.
Fla. R.App. P. 9.420(a)(2) (emphasis added).