WHATLEY, Judge.
Phillip Castleberry seeks review of the summary denial of his motion for postcon-viction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Because the trial court erroneously denied Castleber-ry’s motion as untimely, we reverse and remand.
Rule 3.850 requires that a motion for postconviction relief be filed within two years after the judgment and sentence become final. If a defendant does not appeal, the two-year period does not begin to run until after the thirty-day period during which the defendant would have filed a notice of appeal.
The allegations raised in Castleberry’s motion relate to his plea entered on October 11, 2001. Because he did not file an appeal, his judgment and sentence became final on November 10, 2001. Therefore, the two-year window for filing a rule 3.850 motion closed on November 10, 2003. The trial court denied the motion because it was not received and file-stamped by the trial court until November 14, 2003. The certificate of service on the motion, however, was dated November 9, 2003, which would have been within the two-year limit.
A pleading is presumed to be timely if the certificate of service shows that it was given to “officials for mailing on a certain date, if the pleading would be timely filed if it had been received and file-stamped by the Court on that particular date.” Thompson v. State, 761 So.2d 324, 325 (Fla.2000). The State carries the burden of proving that the document was not given to prison officials on the date listed in the certificate of service. Id. at 326.
The trial court erred in denying Castle-berry’s motion as untimely. Accordingly, we reverse. On remand, the trial court may allow the State the opportunity to prove that Castleberry’s motion was not given to prison officials on November 9, 2003. If the State does not carry this burden of proof, the trial court shall rule on the merits of Castleberry’s motion for postconviction relief.
Reversed and remanded.
SALCINES and SILBERMAN, JJ., concur.