PER CURIAM.
Appellant, Kerby Cadet, timely appeals a trial court order which summarily denied his amended motion for postconviction relief filed pursuant to Florida Rule of Crim *692 inal Procedure 3.850. It appears that the trial court viewed the amendment as an independent motion and denied it as untimely and successive.
We reverse and remand for the trial court to reconsider the timeliness of the amendment. Our review of the record reveals that the amendment may have been authorized by a previous trial court order. Also, the amendment was filed before the trial court disposed of the original pending motion, though we note it may not have been before the court at the time it disposed of that pending motion. See Thompson v. State, 761 So.2d 324 (Fla.2000); see also Bulley v. State, 857 So.2d 237 (Fla. 2d DCA2003).
Accordingly, the case is remanded for further review of the timeliness of the May 30, 2005, amendment.
GUNTHER, WARNER and HAZOURI, JJ., concur.