TORPY, J.
We withdraw our opinion in Linville v. State , 251 So.3d 352 (Fla. 5th DCA 2018), and substitute this opinion in its place.
By sworn application, Petitioner, an inmate at Gulf Correctional Institution,[1] seeks a belated appeal from an order denying his motion for postconviction relief. In his petition, he asserts that "he timely provided a Notice of Appeal to officials for mailing, and the docket indicates that it was never received." Along with his petition, Petitioner furnished a copy of a notice of appeal bearing a dated stamp reflecting that the document had been "[p]rovided to Gulf Mailroom." The stamp purports to bear the "inmate's initials." The date stamped on the notice is well within the thirty-day appeal period following rendition of the challenged order. The bottom corner of the notice states "Appeal forms package," indicating that the form might have been provided to Petitioner by a legal service organization or prison officials. The form contains blank spaces that are completed in handwriting. In substance, the notice of appeal is identical to Florida Rule of Appellate Procedure Form 9.900(a). It contains a certificate of service that lists the Office of the Attorney General and Office of the State Attorney, with spaces for the insertion of addresses for each. There is no space on the form for adding other parties to the certificate. A copy of the notice is attached to this opinion.
Upon request by this Court, Respondent filed a response to the petition, contending that it should be denied because the "certificate of service on the notice of appeal shows that the notice was mailed to the Office of the State Attorney and the Office of the Attorney General, but not to the lower court clerk." Although Petitioner asserted that his notice of appeal was timely under the "mailbox rule," Respondent did not address the effect of that rule or otherwise respond to Petitioner's assertion. We *442 originally, erroneously, denied the petition but now hold that the petition is well-taken and should be granted.
Because Petitioner is a pro se inmate, court filings are effected by delivery to prison officials for mailing under the mailbox rule. Haag v. State , 591 So.2d 614, 617 (Fla. 1992). The mailbox rule was first adopted by the United States Supreme Court in Houston v. Lack , 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), and is now codified at Florida Rule of Appellate Procedure 9.420(a)(2). It was devised to mitigate the disadvantages of unrepresented, incarcerated litigants. The Houston Court observed that these litigants, unlike other litigants, "cannot personally travel to the courthouse" to verify their notices' filing. 487 U.S. at 270-71, 108 S.Ct. 2379. As our highest court further observed, while other litigants may choose to trust the "vagaries of the mail," inmates have no choice but to rely upon filing of such documents through the mail system. Id. at 271, 108 S.Ct. 2379. In devising the rule, the Supreme Court assumed that prisons maintain logs reflecting the date court documents are received from inmates for mailing. See id. at 275, 108 S.Ct. 2379. Accordingly, it crafted what it labeled a "bright-line" rule to reduce or eliminate the need for burdensome evidentiary hearings involving disputes between inmates, prison officials, and others in the delivery chain concerning any failure in the transmittal and docketing process. See id.
Under the mailbox rule, a document is "deemed filed" when it is delivered to prison officials, as evidenced by the date stamp on the inmate's copy. Quilling v. Price , 894 So.2d 1061, 1063 (Fla. 5th DCA 2005) ; see also Fla. R. App. P. 9.420(a)(2)(A). When the prison or jail does not have a system for recording the date that legal mail is delivered to prison officials for mailing, the mailbox rule is modified to provide that the date on the certificate of service is the presumptive date of filing.[2] Fla. R. App. P. 9.420(a)(2)(B) ; Thompson v. State , 761 So.2d 324, 326 (Fla. 2000). Importantly, this case does not involve the latter circumstance.[3] Accordingly, the date stamped by the prison official on the face of Petitioner's copy of the notice of appeal is the determinative date here, and the certificate of service has no bearing on when the notice of appeal in this case was filed.
Here, Respondent did not dispute the authenticity of Petitioner's copy of the notice. Nor did Respondent controvert the sworn assertion that the notice was delivered for mailing on that date. Accordingly, the date affixed to the notice is the date of filing, irrespective of when or even whether the notice was ultimately received by the lower court. Rozar v. State , 701 So.2d 1201, 1202 (Fla. 5th DCA 1997). Although the reason the notice here never made its way to the clerk's docket cannot be discerned *443 from this record, it makes no difference who in the delivery chain was at fault because the "bright-line" rule removes the "vagaries" of mail transmittal from the analysis so that the inmate is not disadvantaged by his inmate status.[4] In essence, the prison is the de facto clerk's office for purposes of this rule, affording the incarcerated litigant the same option of verified hand-delivery as any non-incarcerated litigant. Houston , 487 U.S. at 271, 108 S.Ct. 2379.
Respondent presents its sole argument-that the certificate of service was deficient in not naming the clerk-without citation to or discussion of the applicable filing and service rules and without case citations. The fallacy in the argument is in Respondent's failure to appreciate the distinct acts of filing and serving under those rules. Filing is generally governed by Florida Rule of Appellate Procedure 9.420(a). The most common method of filing is accomplished through electronic transmission to the clerk for those who have that technology available. Filing by pro se inmates is an exception to the general rule and is governed by rule 9.420(a)(2). Service is governed by rule 9.420(b)-(d) and, by incorporation, Florida Rule of Judicial Administration 2.516. Rule 2.516(a) dictates that service be effected on "each party ." (Emphasis supplied). Rule 2.516(f) provides that the certificate of service is to be used as "prima facie proof" that service of copies of the filing was effected in compliance with the rule. In the case of an appeal by a criminal defendant, the appropriate parties for service of copies of the notice of appeal are the State Attorney and Attorney General, as listed in the form used here by Petitioner. Fla. R. App. P. 9.140(b)(3).
Clearly, the clerk of court is not a party and service of a copy of the notice need not be transmitted to the clerk. Rather, the clerk is the repository and custodian of the original document, regardless of its form.[5] Accordingly, the "prima facie *444 proof" of service of a copy in the certificate need not list the clerk. In this case, the certificate of service fully complied with rule 9.140(b)(3).
Having concluded that the notice of appeal was timely filed under the mailbox rule and having concluded that the certificate of service did not need to list the lower court clerk, we grant the petition for belated appeal and direct the clerk of this Court to forward this opinion to the lower court, which shall serve as a timely filed notice of appeal.
PETITION GRANTED.
HARRIS, J., concurs.
EDWARDS, J., concurs in result only.
Attachment *445 --------

According to the Department of Corrections website, Petitioner is now incarcerated in Columbia Correctional Institution. To ensure no further delays in this appeal, our clerk shall direct a copy of this opinion to Petitioner at both institutions.

The presumptions created by rule 9.420(a)(2) are, of course, rebuttable. For example, the state may refute the authenticity of the purported copy or the sworn allegations in the petition. In any event, the burden to overcome the presumptions created by the rule is placed on the state. Thompson , 761 So.2d at 326.

We do not address rule 9.420(a)(2)(B), except to parenthetically note that the record in Thompson reveals that the certificate of service on the notice in that case only listed Mr. Thompson's trial lawyer. Indeed, we can discern no basis in the plain language of rule 9.420 for a different conclusion in a rule 9.420(a)(2)(B) case than the one we reach here. While Griffin v. Sistuenck , 816 So.2d 600 (Fla. 2002), was a rule 9.420(a)(2)(B) case wherein the certificate of service included the clerk, the necessity of including the clerk in the certificate of service was not an issue there.

The fault could lie with the prison mail clerk, U.S. mail service, or even the lower court clerk's office mailroom or docketing personnel. It is unlikely that a burdensome evidentiary hearing involving all of these parties could ever solve the mystery, however, which illustrates the wisdom for the "bright-line" rule crafted by our highest court. We are aware of and have reviewed the administrative regulations regarding outgoing legal mail in correctional institutions. No contention is made here by Respondent that Petitioner failed to comply with these rules, and the stamped copy of the notice indicating that it was accepted for mailing would tend to negate any such assertion. Had Petitioner not complied with prison rules for mailing, the prison presumably would not have accepted the document and affixed its stamp. Surely, prison officials must have known that a court pleading containing the identity of the court and case number, delivered to it for mailing, must be transmitted to the very court identified in the style of the document, without regard to the certificate of service that lists the parties upon which copies were to be provided.

A random review of ten notices of appeal recently filed by the state reveals that the state does not list the lower court in its certificates of service either. Presumably, that is because Florida Rule of Appellate Procedure 9.140(c)(3), which governs state-initiated appeals, only requires service upon the defendant or his attorney. Although the form certificate of service for pro se inmates has a minor variant to reflect delivery to prison officials for service upon the State Attorney and Attorney General, no rule states or even intimates that the clerk should be listed as an addressee in the certificate by either party to a criminal appeal. If the important right of appeal can be eviscerated by such a technicality, the technical requirement must be expressly and clearly prescribed. Nevertheless, by this discussion, we do not imply that had there been an error in the certificate of service, such an error or omission would render void a timely "filed" notice of appeal. Indeed, defects in such notices are generally not jurisdictional impediments absent some showing of prejudice to the adverse party. Ratner v. Miami Beach First Nat'l Bank , 362 So.2d 273, 274 (Fla. 1978). Here, Respondent undeniably received a copy of the notice as required by the rules and can advance no claim of prejudice.