# FIRST DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

_____

No. 1D18-1427
_____

JEFFREY SUNDWALL,

Appellant,

v.

FLORIDA FISH AND WILDLIFE
CONSERVATION COMMISSION,

Appellee.

_____

On appeal from the Florida Fish and Wildlife Conservation
Commission.

May 16, 2019

KELSEY, J.

After Hurricane Irma struck Florida in 2017, the Florida
Fish and Wildlife Conservation Commission (FWC) identified Mr.
Sundwall as the owner of a boat declared derelict upon the
waters of Florida. *See* § 823.11, Fla. Stat. (2017) (defining derelict
vessels and empowering FWC to deal with them). Mr. Sundwall
was incarcerated at the time. FWC sent Mr. Sundwall notice of
the declaration, an explanation of his rights, an Election of
Rights form, and a form for a Petition for Administrative
Proceeding. The notice stated that a failure to make any election
within twenty-one days from receipt of the notice would
constitute a waiver of the right to a hearing.

Mr. Sundwall signed a receipt for these documents on January 4, 2018. The twenty-first day after that fell on January 25, 2018. He signed the Election of Rights form, requesting a hearing; and also completed the Petition for Administrative Proceeding, dating both of his signatures January 20, 2018. There was no certificate of service or institutional date stamp on any of the papers, nor any institutional mail log indicating when he gave the papers to prison officials. The envelope was postmarked January 23, 2018. FWC stamped it as received on January 29, 2018.

FWC dismissed the petition with prejudice because FWC did not receive it within twenty-one days and Mr. Sundwall did not request an extension within that period. FWC's order of dismissal acknowledged that the envelope from Mr. Sundwall was postmarked January 23, 2018. However, FWC relied on Florida Administrative Code Rule 28-106.104(1), which defines filing as receipt by the agency clerk during normal business hours.

In his pro-se brief, Mr. Sundwall relies on the January 20 date of his signatures and the January 23 postmark date, arguing that he is entitled to the benefit of the prison mailbox rule under *Haag v. State,* 591 So. 2d 614 (Fla. 1992). FWC does not dispute that argument, but argues that Mr. Sundwall provided no proof that he placed his papers in the hands of prison officials before expiration of the deadline; i.e., no institutional mail stamp or log and no certificate of service. The record does not reflect whether Mr. Sundwall's institution utilizes dated mail stamps or logs, but one reason there were no certificates of service is because none of the forms that FWC supplied to him contained a certificate of service.[*]

---

[*] FWC argues that inmates should add certificates of service to their documents, citing *Thompson v. State,* 761 So. 2d 324 (Fla. 2000). *Thompson* involved an inmate-prepared notice to invoke discretionary jurisdiction, not a form prepared by a State agency and provided to an inmate to be returned to the agency. Neither the Election of Rights form nor the Petition even has room to insert a certificate of service. *See id.* at 325 ("Should the State wish to have a means of verifying or objecting to an inmate's

2

In a literal sense, however, Mr. Sundwall "provided" FWC a postmarked envelope that evidences timeliness. He argues on appeal that FWC calculated the time erroneously, and he points out that the envelope was postmarked on January 23. The postmark date was before expiration of the twenty-one-day period for requesting a hearing, and therefore the petition necessarily was submitted to prison officials before the deadline. FWC acknowledged the postmark date in its order of dismissal, and the postmarked envelope is in the record. We therefore reverse the order of dismissal and remand for further proceedings on Mr. Sundwall's petition.

REVERSED and REMANDED.

ROWE and OSTERHAUS, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Jeffrey Sundwall, pro se, Appellant.

Brandy Elaine Elliott, Assistant General Counsel, Florida Fish and Wildlife Conservation Commission, Tallahassee, for Appellee.

---

assertion that his or her pleading was actually placed in the hands of prison or jail officials on a particular date, we leave it to the State to create and implement the mechanism for doing so.").