# Supreme Court of Florida

No. SC21-1094

**FREDRICK L. WADE,**
Petitioner,

vs.

**STATE OF FLORIDA,**
Respondent.

February 24, 2022

PER CURIAM.

Fredrick L. Wade, an inmate in state custody, petitions the Court for a writ of mandamus compelling the First District Court of Appeal to reinstate his appeal of a circuit court order denying him postconviction relief.[1]  The First District dismissed Wade's appeal as untimely, finding that the prison legal mail logs produced by Wade were insufficient to establish he timely delivered his notice of appeal to prison officials for mailing under the inmate filing rule in Florida

---

1.  We have jurisdiction.  *See* art. V, § 3(b)(8), Fla. Const.

Rule of Appellate Procedure 9.420(a)(2). We disagree, and for the reasons set out below, we grant Wade's petition and direct the First District to reinstate his appeal.

**I.**

Wade was convicted of second-degree murder and is currently serving a forty-five-year prison sentence. At some point after his conviction and sentence became final, Wade filed a pro se motion for postconviction relief under Florida Rule of Criminal Procedure 3.850 in the circuit court. The circuit court denied Wade's motion on November 4, 2020, but did not file its order with the circuit court clerk until the next day, November 5, 2020, giving Wade until December 7, 2020, in which to appeal the circuit court's order.[2]

---

2. All the parties agree that Wade had until December 7, 2020, in which to file a notice of appeal. A stamp on the first page of the order denying Wade's postconviction motion indicates that it was filed with the circuit court clerk on Thursday, November 5, 2020. The 30-day period for Wade to file a timely notice of appeal thus ran from Friday, November 6, 2020, to Saturday, December 5, 2020. Fla. R. App. P. 9.141(b)(1) (appeals from postconviction proceedings shall proceed the same as civil cases, except as modified by rule 9.141(b)); 9.110(b) ("Jurisdiction of the court under this rule shall be invoked by filing a notice . . . with the clerk of the lower tribunal within 30 days of rendition of the order to be reviewed . . . ."); 9.020(h) ("An order is rendered when a signed, written order is filed with the clerk of the lower tribunal."). As the last day of the 30-day period fell on a Saturday, Wade had until

Wade indicates that he delivered his notice of appeal to prison officials for mailing on December 7, 2020, and the notice was stamped and docketed by the circuit court clerk as received December 11, 2020.

After reviewing the notice, the First District ordered Wade to show cause why his appeal should not be dismissed as untimely, given that his notice of appeal was presumptively filed under rule 9.420(a)(2) on December 11, 2020, the date it was stamped and docketed as received by the circuit court clerk. Wade filed a response to the show cause order, and later filed an amended response with a copy of the prison's legal mail log indicating that he timely delivered his notice of appeal to prison officials for mailing under rule 9.420(a)(2)(A) on December 7, 2020. The First District dismissed Wade's appeal as untimely on April 12, 2021, and denied his subsequent request for rehearing.

---

Monday, December 7, 2020, in which to file a notice of appeal. Fla. R. Gen. Prac. & Jud. Admin. 2.514(a)(1)(C) ("[I]f the last day is a Saturday, Sunday, or legal holiday . . . the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday . . . .").

Wade then filed for relief in this Court, requesting that we issue a writ of mandamus compelling the First District to reinstate his appeal. He argues the prison's legal mail logs clearly establish he timely filed his notice of appeal under rule 9.420(a)(2)(A) on December 7, 2020, when he delivered it to prison officials for mailing. We ordered the First District and the State to respond to Wade's petition. Both filed responses maintaining that the First District's dismissal of the appeal was entirely proper, and that rule 9.420(a)(2) does not contemplate the use of prison mail logs to establish the timely filing of a document under the rule.

## II.

A petition for writ of mandamus is the proper vehicle to correct a district court's determination that it lacks jurisdiction. *See Griffin v. Sistuenck*, 816 So. 2d 600, 601 (Fla. 2002); *Sky Lake Gardens Rec., Inc. v. Dist. Ct. of Appeal, Third Dist.*, 511 So. 2d 293, 294 (Fla. 1987) ("The district court's dismissal of petitioner's appeal as untimely filed was a determination of lack of jurisdiction."). Our issuance of the writ is conditioned on a petitioner establishing a clear legal right to the requested relief, the existence of an indisputable legal duty to perform the requested act, and the

absence of another adequate remedy. *Huffman v. State*, 813 So. 2d 10, 11 (Fla. 2000).

### *The Inmate Filing Rule*

We begin our analysis of this case with the text of the inmate filing rule itself, which is contained in rule 9.420(a)(2). The rule provides the following:

> (2) *Inmate Filing.* The filing date of a document filed by a pro se inmate confined in an institution shall be presumed to be the date it is stamped for filing by the clerk of the court, except as follows:
>
> (A) the document shall be presumed to be filed on the date the inmate places it in the hands of an institutional official for mailing if the institution has a system designed for legal mail, the inmate uses that system, and the institution's system records that date; or
>
> (B) the document shall be presumed to be filed on the date reflected on a certificate of service contained in the document if the certificate is in substantially the form prescribed by subdivision (d)(1) of this rule and either:
>
> > (i) the institution does not have a system designed for legal mail; or
> >
> > (ii) the inmate used the institution's system designed for legal mail, if any, but the institution's system does not provide for a way to record the date the inmate places the document in the hands of an institutional official for mailing.

Fla. R. App. P. 9.420(a)(2).

From our review of the notice of appeal Wade filed with the circuit court clerk, it is clear the notice lacks any indicia of when it was turned over to prison officials for mailing. The notice does not contain a prison date stamp indicating when it was placed in the hands of prison officials for mailing, and no dates are set out in the notice's certificate of service. The First District thus correctly presumed at the outset under rule 9.420(a)(2) that Wade's notice of appeal was filed on December 11, 2020, the date it was stamped by the circuit court clerk, and it properly directed Wade to show cause why his appeal should not be dismissed as untimely.

However, from our review of the prison mail log Wade provided to the First District in response to the show cause order, we are convinced that Wade sufficiently established that his notice of appeal was timely filed under rule 9.420(a)(2)(A). The prison mail log is dated December 7, 2020, and is labeled "Outgoing Legal Mail." The log indicates that Wade turned over to prison officials a piece of mail addressed to the circuit court clerk and Attorney General's Office. The log does not specifically identify what was mailed, but given the circuit court clerk's receipt of Wade's notice of

appeal a few days later, and the fact that it was stamped and docketed as received on December 11, 2020, we believe it is reasonable to conclude that the piece of mail identified in the prison mail log is Wade's notice of appeal.

The First District and the State argue in their respective responses that prison mail logs are insufficient to establish timeliness under rule 9.420(a)(2) and suggest that only a prison date stamp in conformity with Florida Department of Corrections' rule 33-210.102(8), Fla. Admin. Code—which sets out the procedures for the processing of inmate legal mail—will suffice. Neither response cites any case law in support of this assertion, and the text of the rule itself takes no position on what form an institutional mail system must take.[3]  Indeed, under the plain language of rule 9.420(a)(2)(A), an inmate is entitled to the benefit of the rule if he or she uses an institution's system for legal mail, and the system records the date the inmate placed his or her filing into

---

3.  The only reference to a specific institutional mail system in rule 9.420 is contained in the Committee Notes, which reference rule 33-210.102(8) as an example of one type of institutional mail system.  But, just like the rule itself, the Committee Notes take no position on what form an institutional mail system must take.

the hands of prison officials for mailing. As evidenced by the prison mail log, Wade did exactly what the rule requires. He utilized the institution's system for legal mail to send his notice of appeal, and that system recorded the date he delivered the notice to prison officials for mailing.

### *The Shifting of Burdens*

This case is similar to *Thompson v. State*, 761 So. 2d 324 (Fla. 2000). There, an inmate housed at a correctional institution that did not maintain mail logs was unable to establish when he turned his notice to invoke over to prison officials for mailing. In light of the inconsistent legal mail practices maintained by many correctional institutions at the time, we held that a document would be deemed filed by an inmate on the date in the certificate of service indicating when it was delivered to prison officials for mailing, and that the burden would then shift to the State to prove the document was not timely placed in the hands of prison officials for mailing. *Id.* at 326.

Here, as in *Thompson*, the institution's apparent use of legal mail logs rather than prison date stamps as required by rule 33-210.102(8), along with the First District's refusal to accept such

logs, has left Wade without any way to establish the timeliness of his notice of appeal. Wade has no control over what legal mail system the correctional institution at which he is housed uses, nor does he have the ability to require prison officials to comply with rule 33-210.102(8). Thus, as in *Thompson*, when Wade produced the prison mail log in response to the First District's show cause order indicating he timely submitted his notice of appeal to prison officials for mailing under rule 9.420(a)(2)(A), the burden shifted to the State to demonstrate that the notice was either not timely delivered to prison officials for mailing, or that Wade is otherwise not entitled to the benefit of rule 9.420(a)(2)(A).

The First District and the State make the latter argument in their respective responses in this case. They point to the prison date stamp on Wade's postconviction motion as evidence that a system for legal mail employing date stamps existed at the institution where Wade is housed, and that Wade failed to use that system to send his notice of appeal. But the fact that Wade's postconviction motion contains a prison date stamp is irrelevant, as such is only indicative of what the institution's system for legal mail was on April 2, 2020, not what that system was months later on the

date Wade delivered his notice of appeal to prison officials for mailing. The institution, for any number of reasons—e.g., a damaged or misplaced date stamp, change in security or COVID-19 protocols, or change in staffing—may not have employed the same system on the date Wade mailed his notice of appeal that was in place months earlier when he mailed his postconviction motion.

The same is true with respect to rule 33-210.102(8). The rule, while resulting in greater consistency in handling of legal mail across correctional institutions, is by no means dispositive of what legal mail system was in place at the institution where Wade is housed on the date he mailed his notice of appeal. *See Waters v. Dep't. of Corr.*, 144 So. 3d 613, 617 (Fla. 1st DCA 2014) ("[I]t is not the existence of the rule or mechanism that rebuts the presumption that the document was placed in the mail on the date the inmate asserts, but the institutional stamp itself which the Department has taken steps to ensure is always in place.").

Ultimately, neither the State nor the First District directs our attention to any facts or evidence in the record that would even suggest a legal mail system other than that utilized by Wade was in place at the institution at which he is housed on the date he mailed

his notice of appeal. Also, and perhaps more significantly, neither response questions the accuracy or disputes the validity of the prison mail logs produced by Wade. Thus, based on the record before us, we must conclude that Wade timely filed his notice of appeal under rule 9.420(a)(2)(A) on December 7, 2020, and that he possesses a clear legal right to the reinstatement of his appeal.

### *A Belated Appeal as an Adequate Alternate Remedy*

The First District also suggests that Wade has an adequate alternate remedy in the form of a petition for belated appeal under rule 9.141(c). But that rule, by definition, governs untimely appeals. Given our conclusion that Wade timely filed his notice of appeal, rule 9.141(c) has no application here.

### III.

We adopted the inmate filing rule in an effort to promote simplicity and fairness in how pro se inmates access the courts, as such persons are "unable to do anything but trust the prison officials and court clerks to process [their filings] in a timely manner." *Haag v. State*, 591 So. 2d 614, 617 (Fla. 1992). We also sought to avoid the "arbitrariness that could undermine equal protection and equal access to the courts." *Id.* These principles

remain at the root of the inmate filing rule, and we ask that all courts apply the rule with these principles in mind.

In this case, the First District erred in not accepting Wade's notice of appeal as timely filed without a prison date stamp because the prison mail log produced by Wade indicated the notice was timely turned over to prison officials for mailing under rule 9.420(a)(2)(A). Wade did all that the text of the inmate filing rule requires.

We therefore grant Wade's petition and direct the First District Court of Appeal to reinstate Wade's appeal in *Frederick L. Wade v. State of Florida*, Case No. 1D21-598. Because we are confident the district court will act in a manner consistent with this opinion, we withhold issuance of the writ.

It is so ordered.

CANADY, C.J., and POLSTON, LABARGA, LAWSON, MUÑIZ, COURIEL, and GROSSHANS, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

Original Proceeding – Mandamus

Susanne K. Sichta and Rick A. Sichta of Sichta Law, LLC, Jacksonville, Florida,

for Petitioner

Ashley Moody, Attorney General, and Julian Markham, Assistant Attorney General, Tallahassee, Florida,

for Respondent