# Third District Court of Appeal

## State of Florida

Opinion filed May 7, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-1547
Lower Tribunal Nos. 18-CF-100-A-K, 18-CF-443-A-K,
18-CF-793-A-K

_____

**Charlie D. Altman,**
Petitioner,

vs.

**The State of Florida,**
Respondent.

A Case of Original Jurisdiction – Prohibition.

Charlie D. Altman, in proper person.

James Uthmeier, Attorney General, and Kayla Heather McNab, Assistant Attorney General, for respondent.

Before FERNANDEZ, LINDSEY, and LOBREE, JJ.

PER CURIAM.

Petitioner Charlie Altman filed a Motion to Disqualify Judge on April 12, 2024. In that Motion, Altman alleged that he learned information on March 29, 2024, purporting to demonstrate bias on the part of the trial court in his postconviction proceeding such that disqualification was warranted.[1] We treat Altman's Petition seeking review of the denial of this Motion as a petition for writ of certiorari.

An uncontroverted stamp certifies that Altman delivered his Motion to the prison legal mail official for filing on April 12, 2024. According to the certificate of service attached to the Motion, a true and correct copy was "furnished to prison officials for mailing via US mail" to the trial court's chambers on that date. The trial court issued an Order on May 26, 2024, denying the Motion to Disqualify as untimely. Altman filed a Petition initiating the present proceeding.

The trial court erred in denying Altman's Motion as untimely. See Fla. R. Gen. Prac. & Jud. Admin. 2.330(g) ("A motion to disqualify shall be filed within a reasonable time not to exceed 20 days after discovery by the party or party's counsel, whichever is earlier, of the facts constituting the grounds for the motion."). The date of filing of Altman's Motion was April 12. See

___

[1] We express no opinion on the truth or legal sufficiency of the allegations in Altman's Motion as these issues are not properly before us.

<u>Haag v. State</u>, 591 So. 2d 614, 617 (Fla. 1992) ("[A motion] filed by a pro se inmate is deemed filed at the moment in time when the inmate loses control over the document by entrusting its further delivery or processing to agents of the state."); <u>Thompson v. State</u>, 761 So. 2d 324, 325 (Fla. 2000) ("We will accept as presumptively timely a pleading which includes a certificate of service showing that the pleading was placed in the hands of officials for mailing on a particular date, if the pleading would be timely filed if it had been received and file-stamped by the Court on that particular date.").

April 12 is within 20 days of March 29, the date Altman alleges he discovered the pertinent facts. Thus, Altman's Motion was timely.

Accordingly, we grant Altman's Petition, quash the trial court's May 26, 2024 Order, and remand for further proceedings consistent with this opinion. On remand, the trial court shall determine whether Altman's Motion is legally sufficient. <u>See</u> Fla. R. Gen. Prac. & Jud. Admin. 2.330(h).

Petition granted.