PER CURIAM.
 

 Jose Israel Negron appeals an order denying his motion for postconviction relief.
 
 See
 
 Fla. R.Crim. P. 3.850. We affirm, in part, reverse, in part, and remand for further proceedings.
 

 Mr. Negron filed his motion in August 2008. On February 2, 2009, the postcon-viction court denied claims one, three, four, five, and seven; it struck claims two and six, with leave to amend within thirty days. The postconviction court noted that its order was nonfinal and nonappealable.
 

 Apparently, Mr. Negron filed a motion to extend the time in which he could amend his claims.
 
 See
 
 Fla. R.Crim. P. 3.050. According to Mr. Negron, he gave it to prison officials for mailing on February 23, 2009.
 
 See Haag v. State,
 
 591 So.2d 614, 616-17 (Fla.1992) (explaining “mailbox rule”);
 
 Bulley v. State,
 
 857 So.2d 237, 239 (Fla. 2d DCA 2003) (“[A] pro se postcon-viction relief motion is deemed filed on the date the inmate relinquished control of the document to State officials for delivery.”). It does not appear that the motion for extension of time was before the postcon-viction court when, on March 17, 2009, it entered a final order denying Mr. Neg-ron’s rule 3.850 motion in its entirety.
 

 The postconviction court properly denied claims one, three, four, five, and seven. We affirm as to those claims. But, we reverse and remand as to claims two and six. The postconviction court should consider whether a proper motion for extension of time was filed. If so, the post-conviction court should address whether further consideration, by amendment or otherwise, is warranted for claims two and six.
 

 Affirmed in part, reversed in part, and remanded for further proceedings.
 

 WHATLEY, WALLACE, and LaROSE, JJ., Concur.