912 So.2d 612 (2005)
Michael D. DENTON, Appellant,
v.
STATE of Florida, Appellee.
No. 2D05-598.
District Court of Appeal of Florida, Second District.
August 5, 2005.
WALLACE, Judge.
We reverse the postconviction court's dismissal of Michael D. Denton's motion for postconviction relief filed under Florida Rule of Criminal Procedure 3.850. The postconviction court dismissed the motion *613 as untimely. However, Denton's judgment and sentence was entered on November 21, 2000. He did not take a direct appeal. Thus Denton had until December 23, 2002, to file his rule 3.850 motion. Fla. R.Crim. P. 3.850(b). The certificate of service on Denton's motion indicates that he mailed it to the clerk of court for Pinellas County on July 18, 2002. Denton is incarcerated, and he is proceeding pro se. Consequently, Denton's rule 3.850 motion is presumed to be timely filed under the "mailbox rule." See Fla. R.App. P. 9.420(a)(2); Griffin v. Sistuenck, 816 So.2d 600, 602 (Fla.2002); Thompson v. State, 761 So.2d 324, 326 (Fla.2000).
Therefore, we reverse the dismissal of the motion as untimely filed. On remand, the postconviction court shall consider Denton's motion on the merits unless the State can prove that the motion was not timely placed in the prison officials' hands for mailing.
NORTHCUTT and STRINGER, JJ., Concur.