WOLF, J.
Jhon Jules, petitioner, filed a petition for writ of certiorari in this court seeking review of a circuit court order that dismissed his appeal as untimely. We treat the petition as one for writ of mandamus and grant it, for reasons discussed below.
Petitioner, a prisoner, filed a notice of appeal from a final judgment in a civil action that was rendered on January 17, 2012. The notice of appeal contained a certificate of service that stated petitioner hand-delivered the notice to prison officials to be mailed on February 8, 2012. Respondent moved to dismiss the notice as untimely, arguing it was not filed with the clerk until February 24, 2012, more than 30 days after the rendition of the final judgment. The circuit court then dismissed the appeal, finding it lacked jurisdiction because the notice of appeal was untimely filed. Petitioner filed a petition for writ of certiorari in this court seeking review of the dismissal of his appeal.
Florida Rule of Appellate Procedure 9.110(b) states an appeal is initiated “by filing án original and 1 copy of a notice ... with the clerk of the lower tribunal within 30 days of rendition of the order to be reviewed.” However, Florida Rule of Appellate Procedure 9.420(a)(2) states the “mailbox rule” applies to inmate filings:
(2) Inmate Filing. A document filed by a pro se inmate confined in an institution is timely filed if the inmate places the document in the hands of an institution official for mailing on or before the last day for filing. Such a document shall be presumed to be timely filed if it contains a certificate of service certifying that the inmate placed the document in the hands of an institution official for mailing on a particular date, and if the document would have been timely filed had it been received and file-stamped by the court on that date.
(Emphasis added). In Griffin v. Sistuenck, 816 So.2d 600, 601 (Fla.2002), the supreme court found the mailbox rule applies to an inmate’s filing a notice of a appeal pursuant to rule 9.110(b) in a civil *1178 action. The court found that if the notice of appeal included the certificate of service certifying the inmate placed the document in the hands of an institutional official for mailing on a particular date, the notice was presumed timely filed, despite the fact it was received by the clerk past the filing deadline. Id. at 602.
Here, the certificate of service in petitioner’s notice of appeal stated he hand-delivered the notice to prison officials to be mailed on February 8, 2012, which was less than 30 days after the final judgment was entered on January 17, 2012. Therefore, his notice of appeal is presumed timely filed.
A petition for writ of certiorari was not the proper vehicle with which to seek review. “[A] petition for writ of mandamus is the proper vehicle to compel a ... court to reinstate an appeal dismissed for lack of jurisdiction, and a dismissal based on untimeliness is a dismissal for lack of jurisdiction.” Griffin, 816 So.2d at 601 (citation omitted). However, “no cause shall be dismissed because an improper remedy has been sought.” Art. V, § 2(a), Fla. Const. “If a party seeks an improper remedy, the cause shall be treated as if the proper remedy had been sought....” Fla. R.App. P. 9.040(c). Therefore, we treat the petition for writ of certiorari as a petition for writ of mandamus. We grant the petition and direct the circuit court to reinstate petitioner’s appeal.
PETITION FOR WRIT OF MANDAMUS GRANTED.
THOMAS and MARSTILLER, JJ„ concur.