EMAS, J.
Defendant Levi Medina (“Medina”) appeals from the trial court’s summary denial of his motion for postconviction relief. For the reasons that follow, we reverse.
Following a jury trial, Medina was found guilty of, and sentenced upon, four felonies. Medina appealed the judgments and sentences, and this court affirmed. Medina v. State, 8 So.3d 1275 (Fla. 3d DCA 2009). The mandate was issued on June 3, 2009.
While serving his prison sentence, Medina prepared a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850. Medina asserts that the motion was mailed on May 20, 2011 (“the May Motion”), and the certificate of service on the final page contains Medina’s signature, together with the following two paragraphs:
CERTIFICATE OF SERVICE
I HEREBY DO CERTIFY that a true and correct copy of this petition was mailed to: State Attorney’s Office, 1350 NW 12th Avenue Miami, FL 33136 via the Jefferson Cl, Correctional Facility Legal Mail System.
I hereby do certify that pursuant to Penalty of Perjury Title 28 U.S.C. § 1746 that on this 20 day of May 2011 I signed and mailed this document via the Jefferson Correctional Facility Legal Mail System.
Medina’s May motion was not notarized.
After being transferred from Jefferson Correctional Institution to Charlotte Cor *1161 rectional Institution, Medina sent a letter to the circuit court clerk’s office to provide his new mailing address and to inquire as to the status of his May Motion. Medina alleges he received no response and later learned (on or about August 4, 2011) that his motion had not been received by or filed with the clerk. Accordingly, on August 8, 2011, Medina prepared a notice of re-filing his motion (“the August Motion”), together with an affidavit in which he attested that he originally mailed the motion on May 20, 2011, prior to the date he was transferred from Jefferson Correctional to Charlotte Correctional. The August Motion was received by the clerk below and was docketed on August 22, 2011.[1]
In an order dated April 30, 2013, the trial court summarily denied Medina’s motion for postconviction relief. The trial court determined that the certificate of service on the May Motion was legally insufficient to establish the date of mailing because it was not notarized or signed under penalty of perjury. The court reasoned that this infirmity, combined with the fact that the May Motion was never docketed by the clerk, rendered it a nullity. The trial court concluded that because the August Motion was filed more than two years after Medina’s conviction and sentence became final, it was time-barred. See Fla. R. Crim. P. 3.850(b) (providing that a rule 3.850 motion generally must be filed within two years after the judgment and sentence become final).
Although it is true that the certificate of service on the May Motion was not formally notarized, this is not required of, or fatal to, a pro se motion filed under rule 3.850. The use of an unnotarized oath is specifically approved by Florida Rule of Criminal Procedure 3.987 (the form adopted by the Florida Supreme Court for use in motions filed under rule 3.850). See also Fla. R. App. P. 9.420(a)(2)[2]; State v. Shearer, 628 So.2d 1102 (Fla.1993); Theoc v. State, 832 So.2d 261 (Fla. 3d DCA 2002).[3] Further, the trial court incorrectly found that the certificate of service was not signed under penalty of perjury. As described earlier, the final paragraph of the May Motion stated that, under penalty of perjury, Medina signed the motion and mailed it on May 20, 2011 by use of the legal mail system at Jefferson Correctional.
Because the May Motion contained an unnotarized oath certifying, under penalty of perjury, that Medina signed the motion and placed it into the hands of prison officials on May 20, 2011, it is presumed that this is the date of filing under *1162 the “mailbox rule.”[4] Fla. R. App. P. 9.420(a)(2); Thompson v. State, 761 So.2d 324 (Fla.2000); Saavedra v. State, 59 So.3d 191 (Fla. 3d DCA 2011).[5]
We therefore reverse and remand for further proceedings in the trial court. The trial court shall hold a further hearing at which the State may seek to rebut the presumption of timely filing. Should the State be unable to rebut this presumption, the trial court shall treat the motion as having been timely filed and shall proceed accordingly.
Reversed and remanded for proceedings consistent with this opinion.

. The record reflects that the May Motion does not contain a date stamp indicating when (or whether) it was provided to prison officials at Jefferson Correctional for mailing. The August Motion does contain a date stamp indicating it was provided by Medina to prison officials at Charlotte Correctional for mailing on August 10, 2011.

. That rule provides in pertinent part:
A document filed by a pro se inmate confined in an institution is timely filed if the inmate places the document in the hands of an institution official for mailing on or before the last day for filing. Such a document shall be presumed to be timely filed if it contains a certificate of service certifying that the inmate placed the document in the hands of an institution official for mailing on a particular date, and if the document would have been timely filed had it been received and file-stamped by the court on that date.

.In its order, the trial court cited to Alterisio v. State, 704 So.2d 164 (Fla. 5th DCA 1997). In that case, however, the defendant’s motion contained no date or certificate of service, rendering it impossible for the court to determine the date on which the defendant placed the motion into the hands of prison officials.

. As explained in Griffin v. Sistuenck, 816 So.2d 600, 601 (Fla.2002):
Under the mailbox rule, a notice is deemed filed when it is delivered to prison authorities for mailing. It is called the "mailbox rule” because when an inmate places his or her documents in prison officials' hands, the inmate has, in essence placed the documents "in the mailbox.”

. Although the Defendant did not use the precise phrase "placed the motion into the hands of the prison officials,” his statement under penalty of perjury that he "signed and mailed this document via the Jefferson Correctional Facility Legal Mail System” on May 20, 2011 is sufficient to satisfy the requirements of the mailbox rule. See Griffin, 816 So.2d at 602.