# Third District Court of Appeal

## State of Florida

Opinion filed November 5, 2014.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-1983
Lower Tribunal No. 04-29546
_____


**Arnaldo Lugo-Fernandez,**
Appellant,

vs.

**The State of Florida,**
Appellee.


An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Jorge Rodriguez-Chomat, Judge.

Arnaldo Lugo-Fernandez, in proper person.

Pamela Jo Bondi, Attorney General, for appellee.

Before ROTHENBERG, LOGUE and SCALES, JJ.

PER CURIAM.

Appellant, Arnaldo Lugo-Fernandez, seeks rehearing and clarification of this

Court's September 24, 2014, per curiam affirmance of the trial court's order that

summarily denied his rule 3.800 motion for postconviction relief. We deny Appellant's motion for rehearing and clarification.

The trial court's order denying Appellant's postconviction motion was entered on April 16, 2014, and the trial court's order denying Appellant's motion for rehearing was entered on July 18, 2014.

Appellant filed his notice of appeal with this Court on August 19, 2014.

Pursuant to Florida Rule of Appellate Procedure 9.141(b)(2)(C), Appellant was not required to file an initial brief in support of his appeal; however, if Appellant chose to submit an initial brief, that brief was required to be filed within fifteen days of the filing of the notice of appeal. As such, if Appellant chose to file an initial brief in this matter, it would have been due on September 3, 2014.

Appellant, however, never filed an initial brief. Rather, on September 16, 2014—twenty-eight days after his notice of appeal was filed—Appellant filed a "Notice of Inquiry" seeking an acknowledgment that his notice of appeal was received, and the designation of an appellate case number.[1]

---

[1] The Notice of Inquiry was received and stamped by this Court on September 19, 2014. However, Appellant placed the document in the hands of prison officials for mailing on September 16, 2014. See Saavedra v. State, 59 So. 3d 191, 192 (Fla. 3d DCA 2011); Thompson v. State, 761 So. 2d 324 (Fla. 2000) (holding that under the mailbox rule, the date that a motion is placed into the hands of prison officials for filing is the date that the motion is considered filed).

On August 19, 2014, the clerk of this Court issued and mailed to Appellant a standard "Acknowledgement of New Case Letter." Appellant contends that he never received that letter.

On September 24, 2014—thirty-six days after the notice of appeal was filed—this Court entered its per curiam opinion, affirming the trial court's denial of Appellant's postconviction motion.

Appellant then filed the instant motion for rehearing and clarification. Appellant argues that because he never received the "Acknowledgment of New Case Letter," this Court should withdraw its per curiam opinion and give Appellant additional time to file an initial brief in support of his appeal.

In other words, Appellant argues that the fifteen-day clock to file an initial brief, under rule 9.141(b)(2)(C), does not begin to tick until an appellant receives an "Acknowledgment of New Case Letter" containing an appellate case number.

We reject Appellant's argument.

Rule 9.141(b)(2) expressly provides that an appeal from the summary grant or denial of a postconviction motion without an evidentiary hearing is subject to a special procedure in which the briefing, if any, is accelerated, and the record is abbreviated. Subparagraphs (A) and (B) specify the contents and procedures for transmittal of the appellate record. Subparagraph (D) provides for a specific review standard, and subparagraph (C) outlines oral argument and briefing requirements.

Subparagraph (C) plainly states that if an appellant chooses to submit an initial brief, that "brief shall be filed within 15 days of the filing of the notice of appeal."

Appellant did not file an initial brief within fifteen days of the filing of the notice of appeal, nor did Appellant seek an extension of time to file his initial brief.

Appellant is not excused from complying with rule 9.141(b)(2)(C)'s accelerated briefing schedule.

Motion denied.