COVINGTON, Judge.
Shelby Norris appeals the summary denial of his third amended postconviction motion filed pursuant to Florida Rule of Criminal Procedure 3.850. The trial court denied the third amended motion as successive because Norris had failed to show why he had not included his new allegations in the previous postconviction motion. Because the previous motion was still pending in the trial court and because the third amended motion was filed within the two-year time limit under rule 3.850, we reverse and remand for the trial court to consider the third amended motion on its merits.
Norris was convicted of multiple crimes in 1998. His case was affirmed on appeal, and the mandate was issued on March 2, 2000. Norris v. State, 754 So.2d 38 (Fla. 2d DCA 2000) (table). Norris originally filed a postconviction motion and an amended postconviction motion that the trial court dismissed without prejudice because the motions did not contain properly sworn oaths. Norris then filed a second amended motion that contained thirty-five *970 allegations. On January 18, 2002, the trial court rendered an order denying thirty-two of the claims and ordering the State to respond to the remaining three claims. On January 28, 2002, Norris filed a third amended posteonviction motion which the trial court denied without addressing the merits of the claims.
A defendant may amend a rule 3.850 motion if the trial court has not yet ruled on the motion and the amendment is filed within the two-year time limit. Beard v. State, 827 So.2d 1021, 1021 (Fla. 2d DCA 2002). Even amendments filed after an evidentiary hearing should be addressed if the trial court has not entered a dispositive order and the amendment is filed within the two-year time limit. Lang v. State, 826 So.2d 433, 435 (Fla. 2d DCA 2002).
Norris’ third amended posteonviction motion was filed within the two-year limit under rule 3.850 and was filed prior to the entry of a dispositive order by the trial court. Thus, the trial court should not have denied the motion as successive. We reverse and remand for the trial court to address the merits of Norris’ third amended posteonviction motion.
Reversed and remanded.
FULMER and DAVIS, JJ., Concur.