846 So.2d 617 (2003)
Sandra GRAHAM, Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-5456.
District Court of Appeal of Florida, Second District.
May 28, 2003.
PER CURIAM.
Sandra Graham appeals the dismissal of her motion for postconviction relief seeking *618 jail time credit filed pursuant to Florida Rule of Criminal Procedure 3.850. Previously, in Graham v. State, 825 So.2d 492 (Fla. 2d DCA 2002), this court affirmed the denial of Graham's rule 3.800(a) motion seeking jail credit "without prejudice to any right Graham may have to file a timely motion pursuant to Florida Rule of Criminal Procedure 3.850 if she wishes to challenge the factual accuracy of the trial court's records concerning the dates she was in jail." Id. Graham did file a timely rule 3.850 motion, but the trial court incorrectly dismissed Graham's motion as successive. We reverse and remand for the trial court to consider Graham's motion on its merits.
We note that, as filed, Graham's rule 3.850 motion does not contain detailed allegations challenging the factual accuracy of the records concerning the dates she was in jail. However, her sworn brief filed with this court does. A timely-filed rule 3.850 motion, prior to the trial court's disposition of the motion, may be amended with sworn allegations relevant to the issue or issues raised in the motion, even after the two-year time period for filing a timely rule 3.850 motion has expired. See Rogers v. State, 782 So.2d 373, 376 n. 7 (Fla.2001) (stating that "the two-year time limitation does not preclude the enlargement of issues raised in a timely-filed initial motion for postconviction relief"); see also Norris v. State, 832 So.2d 969, 970 (Fla. 2d DCA 2002) (stating that "a defendant may amend a rule 3.850 motion if the trial court has not yet ruled on the motion").
Reversed and remanded.
NORTHCUTT, CASANUEVA, and SALCINES, JJ., concur.