ALTENBERND, Judge.
Terry Kenneth Williams appeals the order denying his motion for postconviction relief that was filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm the denial with the exception of the portion of the order dealing with Mr. Williams’ claim that his lawyer was ineffective for failing to investigate his alibi defense. We conclude that Mr. Williams should be given a final opportunity to plead this claim. This case demonstrates procedural complications that can arise when a trial court summarily denies most grounds within a motion and then appoints a public defender to prosecute a final remaining ground at an evidentiary hearing. Unless the order appointing the public defender clarifies the scope of that representation, it may be unclear to everyone whether the defendant or his appointed attorney is responsible or authorized to file pleadings seeking to amend the grounds of the motion that were summarily denied before the public defender was appointed.
Mr. Williams was charged with two counts of capital sexual battery and one count of lewd and lascivious molestation for events that allegedly occurred sometime during the period between October 2001 and October 2004. The State presented a case that Mr. Williams engaged in inappropriate sexual conduct with a young girl when he was her babysitter. The alleged victim was twelve years old at the time of trial in 2006. Some of her testimony at trial was inconsistent with her prior statements, but the jury convicted Mr. Williams. Mr. Williams’ judgments and sentences were affirmed by this court in 2007. Williams v. State, 965 So.2d 136 (Fla. 2d DCA 2007) (table decision).
Although Mr. Williams quickly filed his motion for postconviction relief, five years later we are now addressing his first appeal. Mr. Williams filed his motion for postconviction relief in November 2007. His pro se motion had six grounds and attached extensive documents that he claimed were seized from him by the State and never reviewed by his attorney. In ground one, he claimed he was an over-the-road truck driver and that his travels created an alibi for the majority of the several-year period during which the State claimed these events occurred. The seized documents included records of his trips on the road. He claimed, rather inartfully, that his lawyer was ineffective for failing to review the documents, interview the potential witnesses, and prepare to present an alibi defense.
In January 2008, the trial court denied the motion as to the claims in ground one, as well as the claims in grounds four, five, and six, without authorizing Mr. Williams leave to amend.[1] This order, entered by Judge Selph, is probably the original source of error in the case. If that order had granted Mr. Williams an opportunity to amend his first ground pursuant to Spera v. State, 971 So.2d 754 (Fla.2007), perhaps this reversal could have been avoided.
As to grounds two and three, this original order required a response from the State. Following that response in March 2008, the trial court decided to conduct an evidentiary hearing on ground two, which involved complex DNA issues. The trial court prudently appointed a public defender to assist Mr. Williams with this claim. Over the next several years, at least three public defenders were appointed to repre *595 sent Mr. Williams. Likewise, several trial judges were assigned to the case.
The public defenders, however, were apparently appointed solely to prosecute ground two. The duties of public defenders, as enumerated in section 27.51, Florida Statutes (2008), do not include postcon-viction representation. As explained in Mann v. State, 937 So.2d 722, 729 (Fla. 3d DCA 2006), “[ujnless a court makes the determination that representation is constitutionally mandated, funds, resources, and employees of the Public Defender’s Office may not be used directly or indirectly in collateral proceedings of defendants not under sentence of death.” See § 924.051(9), Fla. Stat. (2008). The record contains no written orders appointing the three different public defenders who represented Mr. Williams in this postconviction proceeding. It is obvious, however, that the public defenders did not believe the trial court had determined that representation was constitutionally mandated for anything other than the one remaining claim. This is the basis for the misunderstanding between Mr. Williams, his attorneys, and the court that resulted in Mr. Williams’ inability to revisit his facially insufficient first claim.
We would note that the clerk’s docket is less than helpful in deciphering the events. Often in postconviction proceedings we do not receive a complete record confirming all events in the trial court. We rely on the clerk’s docket to help us understand all that transpired below. If the clerk in Polk County is to be believed, this man attended a “first appearance” in April 2008, several months after this court affirmed his judgment and sentence on appeal. Supposedly, “probable cause” was determined at that hearing and he was given “no bond.” We doubt these events actually occurred. It is more likely that, after a transfer from a correctional institution, Mr. Williams may have appeared in court for the first time for a hearing on ground two of his postconviction motion.
In July 2008, while Mr. Williams was still awaiting the evidentiary hearing on ground two of his motion, his public defender filed a bare-bones motion to amend. Attached to the motion to amend was a proposed amended postconviction motion, apparently prepared by Mr. Williams himself, attempting to improve the allegations in ground one of the original motion. The proposed amended postconviction motion names specific witnesses and claims that they were all available to testify, but it does not precisely state that they were available to testify at trial. See Meus v. State, 968 So.2d 706, 711 (Fla. 2d DCA 2007).
The clerk, who claims this man was attending a first appearance to establish probable cause several months after this court affirmed his judgment and sentence, has noted that the public defender’s motion to amend was granted. However, the record contains no written order or other proof of this ruling, and Mr. Williams’ proposed amended motion, which was attached to his counsel’s motion to amend, was not ruled upon for nearly two years.
Meanwhile, in his continuing effort to obtain leave to amend the grounds that had been denied outright, Mr. Williams next filed a pro se “motion to dismiss without prejudice” in October 2008. Despite its title, Mr. Williams was actually seeking permission from the court to amend and improve the earlier grounds that had been dismissed without leave to amend. In November 2008, the trial court struck this motion because Mr. Williams was represented by counsel, despite the fact that it appears neither Mr. Williams nor his counsel believed that the counsel had statutory authority to assist Mr. Williams with anything beyond the matters scheduled for evidentiary hearing.
*596 In early February 2010, Mr. Williams filed his next pro se motion, a motion for leave to supplement his original postconviction motion. In March 2010, the trial court denied this motion, in part because Mr. Williams was represented by counsel and in part because it was “untimely.” It is useful to remember that Mr. Williams was not trying to add a new claim or an additional claim after a motion had been resolved on the merits. He was still trying to amend his timely motion, portions of which had been denied without leave to amend in 2008 but which was still pending on one ground for an apparently unscheduled evidentiary hearing sometime in the indefinite future.[2] “A timely-filed rule 3.850 motion, prior to the trial court’s disposition of the motion, may be amended with sworn allegations relevant to the issue or issues raised in the motion, even after the two-year time period for filing a timely rule 3.850 motion has expired.” Graham v. State, 846 So.2d 617, 618 (Fla. 2d DCA 2003). This nonfinal order, incidentally, informs Mr. Williams that it is appealable and that he has thirty days to appeal. It was not appealable and, fortunately, Mr. Williams did not take the trial court up on this inaccurate legal advice.
About a week after the trial court denied Mr. Williams’ motion for leave to supplement, it finally “dismissed” his proposed amended motion that had been filed as an attachment to the public defender’s motion to amend almost two years earlier. The trial court dismissed the proposed amended motion in part because the public defender had not signed it.[3] However, the public defender did sign the motion to amend to which Mr. Williams’ amended motion was attached. As required by rule 3.850, Mr. Williams both signed and swore to the accuracy of the proposed amendment. We are unclear what more the trial court wanted counsel to do. Even in a civil case, the lawyer signs the motion for summary judgment and the client signs the affidavit in support of that motion.
The trial court, alternatively, denied the motion because “counsel” failed to explain what the four identified witnesses would have said if they had been called to testify at trial. In his sworn proposed amended motion, Mr. Williams claimed that the four identified witnesses would have “established that Defendant did not meet the alleged victim until several years after she alleges sexual contact happened.” We have no idea what the truth may be in this case, but Mr. Williams’ sworn statement seems to be a clear explanation of what he maintains the witnesses would have said on the stand. The order, incidentally, also stated that Mr. Williams’ lawyer, not Mr. Williams, had sixty days to file an amended motion.
Following the denial of this motion in March 2010, Mr. Williams, pro se, filed a motion for rehearing. The trial court quickly denied this motion. Thereafter, Mr. Williams filed a “notice of inquiry and motion for clarification” in July 2010. This motion politely pointed out that the court had informed Mr. Williams that he had a lawyer to whom he must defer, but the lawyer did not seem to be doing anything to assist him with his postconviction claims. In August 2010, the trial court ordered Mr. Williams’ counsel to respond concerning the inquiry. Counsel responded, indicating that he contacted his client *597 as a result of the notice and that he intended to file an amended motion for postcon-viction relief.
Thereafter, in September 2010, Mr. Williams’ public defender (who was not his public defender in 2008 and, therefore, had nothing to do with the original motion to amend) filed a “motion for leave to supplement defendant’s motion for postconviction relief.” Once again, the motion was signed by counsel, and the proposed amendment was signed and sworn to by Mr. Williams. In September 2010, Judge Yancey denied the motion for leave to supplement and set a status conference. In denying this motion, the court explained that it had given sixty days to amend in the earlier order and that the previous public defender had not filed the amendment. Ultimately, though, the court found Mr. Williams’ proposed amendment untimely because it was filed three years after mandate issued on direct appeal and was thus beyond the two-year period for filing motions for post-conviction relief. The order also regarded the motion as successive. Once again, it is useful to remember that Mr. Williams’ still pending postconviction motion had been filed shortly after the mandate issued on his direct appeal and that he had been trying for years, with or without counsel, to file a facially sufficient amendment concerning his initial claim of an alibi defense and the witnesses who would support that defense.
Following an evidentiary hearing in February 2011 on issues immaterial to this appeal, Mr. Williams finally received an appealable order. He was appointed appellate counsel, who now argues that Mr. Williams was denied a meaningful opportunity to amend his first ground. We agree.
As we explained earlier, the trial court erred in 2008 when it did not grant Mr. Williams leave to amend ground one. Thereafter, it erred by striking, dismissing, or denying his pro se motions related to ground one on the theory that he was represented by counsel, without expressly authorizing the public defender to assist him with that ground. Given that there had never been a ruling on the merits of Mr. Williams’ original motion, his efforts to amend the pending motion as to ground one, including his final effort, were not successive motions and did not constitute an “abuse of procedure” under rule 3.850(f). See Graham, 846 So.2d at 618.
We therefore conclude that the trial court erred in refusing to allow Mr. Williams a final opportunity to allege this claim of ineffective assistance of counsel. Accordingly, we reverse and remand solely to allow Mr. Williams such a final opportunity. In light of all the circumstances described in this opinion and the many years that have passed since the trial in this case, the trial court should expressly authorize Mr. Williams’ public defender to assist him with this claim.
Affirmed in part, reversed in part, and remanded.
WALLACE and CRENSHAW, JJ., Concur.

. Grounds four, five, and six are not material to this appeal and require no factual explanation in this opinion.

. Among all the people involved in this, only Mr. Williams is in prison. This may explain his heightened sense of urgency.

. This order was entered by Judge Yancey. Given that the clerk claims that Judge Selph presided at the hearing where the clerk thinks the motion to amend was granted, Judge Yan-cey presumably is in no better posture than this court to know whether the motion to amend was actually granted.