DAVIS, Judge.
Lloyd Curtis appeals the summary denial of his motion to withdraw plea filed under Florida Rule of Criminal Procedure 3.170(0- We reverse the postconviction court’s denial and remand for further proceedings.
A motion to withdraw plea under rule 3.170(0 must be filed within thirty days after rendition of the sentence. According to Curtis, he provided his motion to officials at Manatee County Jail on June 2, 2011, fewer than thirty days after his May 19, 2011, sentencing. However, the trial court did not receive the motion until November 1, 2011, when Curtis attached it to a letter directed to the clerk of the circuit court. Curtis sent this letter only after a notice of inquiry, filed on August 18, 2011, failed to elicit a ruling on his motion. Curtis has maintained that no tracking mechanism was in place at Manatee County Jail at the time he first submitted his rule 3.170(i) motion, and therefore, the only means of dating the motion is the certificate of service, which reflects a June 2, 2011, filing. See Thompson v. State, 761 So.2d 324, 325 (Fla.2000). Based on the date on the certificate of service, and pursuant to the mailbox rule, Curtis claimed that the circuit court should have deemed his motion timely and considered it on the merits.
The postconviction court denied Curtis’s motion to withdraw plea, finding that it was without jurisdiction to consider the motion and that the motion, as filed, could not be construed as one pursuant to Florida Rule of Criminal Procedure 3.850. See Gafford v. State, 783 So.2d 1191, 1192 (Fla. 1st DCA 2001) (“Failure to file a *57 motion to withdraw the plea within BO days waives the issue for appellate review, and the defendant is limited to filing a motion pursuant to [rule 3.850].”). The postcon-viction court concluded by offering Curtis an opportunity to amend his claim and refile it pursuant to the requirements of rule 3.850. In so doing, the postconviction court failed to provide any support or explanation for its apparent finding that Curtis’s argument for timeliness was merit-less. However, absent a clear indication otherwise, “the date reflected on the certificate of service is presumed to be the date on which the document is filed.” See Bulley v. State, 857 So.2d 237, 239 (Fla. 2d DCA 2003) (citing Thompson, 761 So.2d at 326); see also Fla. R.App. P. 9.420(a)(2).
Therefore, we reverse the denial of Curtis’s motion and remand for the postconviction court to reconsider the issue of timeliness and, if appropriate, rule upon the merits of the motion.
Reversed and remanded.
KHOUZAM and MORRIS, JJ., Concur.