NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

REASHOD ROSIER, )
)
       Appellant, )
)
v. )    Case No. 2D13-4865
)
STATE OF FLORIDA, )
)
       Appellee. )
_____ )

Opinion filed August 1, 2014.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for
Lee County; Mark A. Steinbeck, Judge.

Reashod Rosier, pro se.


KHOUZAM, Judge.

        Reashod Rosier appeals the summary denial of his motion filed under

Florida Rule of Criminal Procedure 3.850. Because the postconviction court

erroneously determined that Rosier's amendments to his motion were untimely, we

reverse and remand for further proceedings with respect to the amendments. We affirm

the postconviction court's denial of Rosier's other grounds without comment.

        A jury found Rosier guilty of attempted first-degree murder and armed

robbery with a firearm, and the court sentenced Rosier to life imprisonment on both

charges. This court affirmed Rosier's convictions and sentences. See Rosier v. State, 943 So. 2d 1018 (Fla. 2d DCA 2006) (per curiam). The mandate issued on January 10, 2007. Rosier filed his initial rule 3.850 motion on April 4, 2007. On April 16, 2008, after considering a response from the State, the postconviction court entered an order denying in part and dismissing in part Rosier's rule 3.850 motion; this order did not specify a timeframe for Rosier to amend his dismissed claims.

Rosier then filed a motion for leave to amend along with an amendment to his 3.850 motion addressing the claims that were dismissed by the postconviction court's prior order. However, this motion did not include the oath required by rule 3.850(c). On September 17, 2008, the postconviction court granted Rosier's motion to amend, but ordered him to refile the motion with the proper oath within thirty days. Over a year later, on October 26, 2009, Rosier filed an amendment to his rule 3.850 motion, asserting that he filed an amended motion on September 30, 2008, but the postconviction court had still not entered a final order on the motion. The postconviction court dismissed, with prejudice, the October 26, 2009, amendment as untimely because it was not filed within thirty days of the September 17, 2008, order granting leave to amend and was filed outside of the two-year limitation in rule 3.850(b).

Rosier timely moved for rehearing, arguing that both amendments were timely filed because he placed an amended motion in prison officials' hands for mailing on September 30, 2008, even though the postconviction court apparently did not receive it. Rosier attached a copy of the amendment to this motion for rehearing; although it does not contain a prison stamp, it does contain a certificate of service indicating that it was placed into the hands of prison officials for mailing on September

30, 2008. After receiving no ruling on his motion for rehearing, Rosier filed a "notice of action," on September 3, 2013. On September 20, 2013, the postconviction court found that Rosier's motion for rehearing was timely filed and denied it.

Absent proof otherwise, the date reflected on the certificate of service of a pro se inmate's document is presumed to be the date on which the document was filed. See Fla. R. App. P. 9.420(a)(2); Thompson v. State, 761 So. 2d 324, 326 (Fla. 2000); Curtis v. State, 106 So. 3d 56, 57 (Fla. 2d DCA 2013). Because Rosier's amended rule 3.850 motion contained a certificate of service showing that it was handed over for mailing on September 30, 2008, and nothing in the record suggests otherwise, the amended motion is presumed to be timely filed. Thus, the postconviction court erred in finding that Rosier's September 30, 2008, amendment was untimely, and we must reverse.

Where such a presumption arises, the burden shifts "to the State to prove that the document was not timely placed in prison officials' hands for mailing." Thompson, 761 So. 2d at 326; see also Pagan v. State, 899 So. 2d 1203, 1205 (Fla. 2d DCA 2005) (reversing and remanding for an evidentiary hearing to determine whether the defendant timely created the motion and entrusted it to prison officials). Thus, on remand, the postconviction court should allow the State an opportunity to rebut the presumption of timeliness.

If the State is unable to rebut this presumption and the postconviction court finds that Rosier timely handed the amendment to prison officials on September 30, 2008, then his October 26, 2009, amendment should also be considered timely filed because the postconviction court had not yet disposed of the September 30, 2008,

amendment.  See <u>Williams v. State</u>, 99 So. 3d 593, 597 (Fla. 2d DCA 2012); <u>Bulley v. State</u>, 857 So. 2d 237, 239-40 (Fla. 2d DCA 2003); <u>Graham v. State</u>, 846 So. 2d 617, 618 (Fla. 2d DCA 2003) ("A timely-filed rule 3.850 motion, prior to the trial court's disposition of the motion, may be amended with sworn allegations relevant to the issue or issues raised in the motion, even after the two-year time period for filing a timely rule 3.850 motion has expired.").

For the foregoing reasons, we reverse the order denying Rosier's motion for rehearing and remand to the postconviction court to reconsider the issue of timeliness and, if appropriate, rule upon the merits of the amendments.

Affirmed in part, reversed in part, and remanded.


CASANUEVA and WALLACE, JJ., Concur.