NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

JARVIS KING,                          )
                                      )
            Appellant,                )
                                      )
v.                                    )          Case No.  2D14-3422
                                      )
STATE OF FLORIDA,                     )
                                      )
            Appellee.                 )
_____)

Opinion filed December 31, 2014.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for
Pinellas County; Cynthia J. Newton,
Judge.

Jarvis King, pro se.


PER CURIAM.

        Jarvis King appeals the order denying his motion for postconviction relief

filed under Florida Rule of Criminal Procedure 3.850.  King's motion was denied after

many of his claims were stricken with leave to amend.  When the postconviction court

did not receive a timely amendment, the court entered a final order denying relief.  On

appeal, King filed a notice to this court accompanied by an amended motion with

certificate of service reflecting that the motion was indeed timely filed under the mailbox

rule, see Haag v. State, 591 So. 2d 614, 617 (Fla. 1992), although it apparently did not

reach the court. Because the postconviction court was not presented with this amended motion, we affirm the order on appeal without prejudice to King to refile his amended motion with the postconviction court within sixty days of the date of the issuance of the mandate in this case. Should King elect to refile his motion, the postconviction court should presume his motion was filed on the date listed on the certificate of service. See Fla. R. App. 9.420(a)(2); Rosier v. State, 144 So. 3d 604, 606 (Fla. 2d DCA 2014) ("Absent proof otherwise, the date reflected on the certificate of service of a pro se inmate's document is presumed to be the date on which the document was filed." (citations omitted)). The State, however, may litigate the timeliness of the motion. See id. (noting that when the presumption of filing on the date listed on an inmate's certificate of service arises, "the burden shifts 'to the State to prove that the document was not timely placed in prison officials' hands for mailing' " (quoting Thompson v. State, 761 So. 2d 324, 326 (Fla. 2000)).

Affirmed.


SILBERMAN, WALLACE, and SLEET, JJ., Concur.