[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-12420
Non-Argument Calendar
_____

D.C. Docket No. 8:17-cv-02074-VMC-CPT


TITO MORELL,

                                                        Petitioner-Appellant,

versus

SECRETARY, DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

                                                        Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(July 16, 2019)

Before MARTIN, NEWSOM and HULL, Circuit Judges.

PER CURIAM:

Tito Morell, a Florida prisoner proceeding pro se, appeals from the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition. A certificate of appealability ("COA") was granted on this issue: "Whether the District Court erred in determining that the ineffective-assistance claims Mr. Morell attempted to raise via an amended Fla. R. Crim. P. 3.850 motion were procedurally defaulted because the Florida courts declined to consider them." After review, we reverse and remand for further proceedings consistent with this opinion.

## I. BACKGROUND

We begin by reviewing the complicated procedural history of this case, and then discuss the issue presented in Morell's COA.

### A.    State Court Trial and Direct Appeal

In 2013, a Florida jury convicted Morell of one count of armed robbery with a firearm. As a "prison releasee reoffender" under Florida law, Morell was sentenced to a mandatory term of life imprisonment without the possibility of parole.

In state court, Morell filed a direct appeal raising a single issue: that the trial court erred by refusing to include robbery by sudden snatching as a permissible lesser included offense on the verdict form. On March 20, 2015, the Second District Court of Appeal ("Second DCA") summarily affirmed Morell's armed

2

robbery conviction and life sentence.  <u>Morell v. State</u>, 173 So. 3d 896 (Fla. Dist. Ct. App. 2015) (table).

**B.    State Rule 3.850 Motion**

On February 8, 2016,[1] Morell filed a <u>pro se</u> motion for postconviction relief in state court pursuant to Florida Rule of Criminal Procedure 3.850.  In his Rule 3.850 motion, Morell raised two ineffective assistance of trial counsel claims.  Morell's Rule 3.850 motion alleged his trial counsel was ineffective (1) for failing to move to strike a juror who was a security officer, and (2) for failing to move to suppress Morell's post-arrest statement because the detective never informed Morell his statement would be recorded and Morell was intoxicated at the time.

According to Morell, on February 24, 2016, he delivered to prison officials two other documents for mailing: (1) a motion for leave to supplement his Rule 3.850 motion for postconviction relief, and (2) an Amended Rule 3.850 motion for postconviction relief.  In his motion to supplement, Morell stated that he had "obtained documentation in support of additional grounds" and that the court had authority to permit his supplemental filing because "a final order ha[d] not been entered" and Morell was "still within his two-year time limitation."  In the

---

[1]Though Morell's motion was not stamped as filed by the state court until February 17, 2016, it was delivered to prison authorities for mailing on February 8, 2016, and that date is therefore considered the date of filing under the prison mailbox rule.  <u>See</u> <u>Williams v. McNeil</u>, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009) ("Under the 'prison mailbox rule,' a <u>pro se</u> prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing.").

Amended Rule 3.850 motion, Morell raised four more ineffective trial counsel claims. Morell's Amended Rule 3.850 motion alleged trial counsel was ineffective: (1) for failing to object to the admission at trial of evidence regarding Morell's standoff with police; (2) for failing to object to the state's commenting on Morell's silence and shifting the burden of proof; (3) for failing to object to Morell being denied his right to confront a second eyewitness; and (4) because trial counsel's cumulative errors deprived Morell of his right to the effective assistance of counsel.

## C.    March 14 State Habeas Order on Original Rule 3.850 Motion

On March 14, 2016,[2] the state habeas court issued an order denying Morell's original Rule 3.850 motion. That March 14, 2016 order made no reference to Morell's February 24, 2016 motion to supplement or February 24, 2016 Amended Rule 3.850 motion.

Specifically, as to the first claim in Morell's original Rule 3.850 motion, the state habeas court held that Morell had not shown any evidence of actual bias on the part of the juror who was a security officer. As to the second claim in Morell's original Rule 3.850 motion, the state habeas court held that (1) law enforcement had no duty to inform Morell that he was being recorded, and (2) the trial court

---

[2]The state habeas court originally filed this order on March 10, 2016, but amended it on March 14, 2016. The amendment related only to the exhibits attached to the court's order, and not to the substance of the order itself.

4

specifically addressed the intoxication issue in ruling on Morell's motion to suppress at trial and found no indication that Morell lacked the capacity to understand what was going on.

## D.    Morell's March 29 Motion for Rehearing

On March 29, 2016, Morell filed a motion for rehearing, asserting, in relevant part, that the state habeas court's Rule 3.850 order "does not address the Motion for Leave to Supplement the Motion for Postconviction Relief that was filed on February 24, 2016." On April 4, 2016, the state habeas court received and docketed Morell's March 29, 2016 motion for rehearing.

That same day, April 4, 2016, the state habeas court also received and docketed Morell's February 24, 2016 motion for leave to supplement his Rule 3.850 motion. The certificate of service on Morell's motion for leave to supplement was dated February 24, 2016. It does not appear, however, that the state habeas court ever received or docketed Morell's February 24, 2016 Amended Rule 3.850 motion.

## E.    State Court Orders on March 29 Motion for Rehearing and February 24 Motion to Supplement

On April 12, 2016, in two separate orders, the state habeas court denied Morell's March 29 motion for rehearing and dismissed his February 24 motion for leave to supplement his Rule 3.850 motion. As to Morell's February 24 motion for leave to supplement, the state habeas court determined that the motion was due to

5

be dismissed because the court (in its March 14, 2016 order) already had denied

Morell's original Rule 3.850 motion, and Morell's February 24 motion for leave to

supplement did not specify what issues he sought to raise in a supplemental Rule

3.850 motion.  Specifically, the state habeas court stated:

> THIS CAUSE comes before the Court on Defendant's pro se "Motion for Leave to Supplement Motion for Postconviction Relief," filed February 24, 2016, pursuant to the "mailbox rule," but not received by the court until April 4, 2016, along with Defendant's Motion for [reh]earing, which was dated March 29, 2016.  After reviewing the motion, the court finds that same must be DISMISSED because on March 1[4], 2016, the court issued a final order on Defendant's motion for postconviction relief.  Furthermore, Defendant's instant motion to supplement lacks any specific allegations detailing the subject matter of Defendant's proposed supplement.  Fla. R. Crim. P. 3.850.

As shown above, Morell contends he gave prison officials for mailing his

February 24 Amended Rule 3.850 motion setting forth his four additional claims at

the same time he gave them his February 24 motion for leave to supplement, which

the state habeas court did receive.

## F.    Morell's Rule 3.850 Appeal to the Second DCA

Morell appealed the state habeas court's decision to the Second DCA, but

did so without filing a brief on appeal, as is permitted under Florida law.  See Fla.

R. App. P. 9.141(b)(2)(C)(i) (providing that "[b]riefs are not required" in an appeal

from the denial of a Rule 3.850 motion).  On January 25, 2017, the Second DCA

summarily affirmed the state habeas court's decision.

On March 1, 2017, Morell filed a "Motion Pursuant to Manifest Injustice Exception to the Law of the Case Doctrine" in the Second DCA. In this motion, Morell requested that the Second DCA reconsider its decision, arguing that the state habeas court failed to address the four claims raised in his Amended Rule 3.850 motion. Morell asserted that he "raised the above listed claims in a motion for leave to supplement his first rule 3.850 motion, but the lower court failed to address and grant the submission of amended motion." As exhibits to his "Motion Pursuant to Manifest Injustice," Morell attached copies of his February 24, 2016 motion for leave to supplement and his February 24, 2016 Amended Rule 3.850 motion. Like Morell's motion to supplement, the certificate of service on Morell's Amended Rule 3.850 motion was dated February 24, 2016.

The Second DCA construed Morell's motion as a motion for reconsideration and summarily denied the motion without further explanation on April 28, 2017.

## G.    Federal § 2254 Proceedings

In August 2017, Morell filed the instant 28 U.S.C. § 2254 petition for a writ of habeas corpus. In his § 2254 petition, Morell raised several claims, including, in Ground Three, the four ineffective assistance claims from his February 24, 2016 Amended Rule 3.850 motion. In addition to arguing the merits of those four ineffective assistance claims, Morell contended that the state habeas court denied him due process by dismissing his February 24, 2016 motion to supplement

without addressing the merits of his claims (that were set forth in the February 24, 2016 Amended Rule 3.850 motion).  Morell asserted that the claims in his Amended Rule 3.850 motion were timely and fairly presented to the state courts and should have been decided on their merits.

In response, the state argued that Morell's four ineffective assistance claims in his Amended Rule 3.850 motion (now Ground Three in his § 2254 petition) were unexhausted because "[t]hey were raised in state court for the first and only time after the Second District Court of Appeal had already per curiam affirmed the state post-conviction court's ruling."  The state maintained that Morell "had not raised these claims in his Rule 3.850 motion," these claims "were never considered by the lower state court in his post-conviction proceedings," and even if Morell had raised them in a brief on appeal to the Second DCA, they "would not have been considered."

In a reply, Morell reiterated that he had timely presented the claims in Ground Three to the state courts by raising them in his February 24, 2016 Amended Rule 3.850 motion (that was sent with his motion to supplement).  Morell noted that both his motion to supplement and his Amended Rule 3.850 motion were filed, pursuant to the prison mailbox rule, on February 24, 2016.  Morell submitted that, under Florida law, it was error for the state courts not to consider his timely Amended Rule 3.850 motion dated February 24, 2016.  In any

8

event, Morell maintained he had exhausted the claims in Ground Three by giving the state courts an opportunity to act on his claims through one complete round of state appellate review.

The district court denied Morell's § 2254 petition. Regarding the claims in Ground Three, the district court determined that those four ineffective assistance claims were not exhausted. As the state had argued, the district court concluded that Morell "raised these [four] claims in state court for the first and only time after the [Second DCA] per curiam affirmed the state trial court's denial of postconviction relief." The district court further concluded that Morell had not raised the claims in Ground Three in his original Rule 3.850 motion, and though Morell moved to supplement his Rule 3.850 motion, he did not proffer any proposed claims, and the state habeas court dismissed the motion to supplement on procedural grounds. In sum, the district court determined that because Morell did not raise the four claims in Ground Three in his original Rule 3.850 motion, he failed to exhaust those claims and was not entitled to have them reviewed in his federal habeas proceeding. The district court denied Morell a COA.

This Court, however, granted Morell's motion for a COA on the issue of whether the district court erred in concluding the claims in Ground Three (the four ineffective assistance claims) were procedurally defaulted.

## II. DISCUSSION

9

## A.    Exhaustion and Procedural Default

To exhaust a claim for purposes of federal habeas review, a state prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845, 119 S. Ct. 1728, 1732 (1999).[3]  "In the process of exhausting a claim, the petitioner must comply with all 'independent and adequate' state procedures, or else the petitioner will have procedurally defaulted on that claim." Mason v. Allen, 605 F.3d 1114, 1119 (11th Cir. 2010).  In other words, to exhaust a claim for purposes of federal habeas review, a state prisoner must have properly raised the claim under the applicable state procedural rules.  See id.

For a claim to be procedurally defaulted based on an "independent and adequate" state procedural ruling, the following criteria must be met: (1) the last state court to render a judgment in the case must clearly and expressly state that it is relying on state procedural rules to resolve the federal claim without reaching the merits of the claim; (2) the state court's decision must rest solidly on state law grounds and not be intertwined with an interpretation of federal law; and (3) the

---

[3]In reviewing the district court's denial of a § 2254 petition, we review de novo questions of law and mixed questions of law and fact, and we review findings of fact for clear error. Raleigh v. Sec'y, Fla. Dep't of Corrs., 827 F.3d 938, 948 (11th Cir. 2016).  Whether a state prisoner is procedurally barred from raising particular claims is a mixed question of law and fact that we review de novo.  Bailey v. Nagle, 172 F.3d 1299, 1302 (11th Cir. 1999).

state procedural rule must be adequate, meaning it was not applied arbitrarily or in an unprecedented way. Id. at 1119-20; Judd v. Haley, 250 F.3d 1308, 1313 (11th Cir. 2001).

As to the first requirement, a state appellate court's per curiam affirmance of a state trial court's ruling explicitly based on a procedural default is a clear and express statement of the appellate court's reliance on an independent and adequate state ground. See Tejada v. Dugger, 941 F.2d 1551, 1558 (11th Cir. 1991); Harmon v. Barton, 894 F.2d 1268, 1273 (11th Cir. 1990); see also Ylst v. Nunnemaker, 501 U.S. 797, 803, 111 S. Ct 2590, 2594 (1991) ("[W]here . . . the last reasoned opinion on the claim explicitly imposes a procedural default, we will presume that a later decision rejecting the claim did not silently disregard that bar and consider the merits.").

As to the third requirement, this Court has said that the "state court's procedural rule cannot be 'manifestly unfair' in its treatment of the petitioner's federal constitutional claim to be considered adequate for the purposes of the procedural default doctrine," Judd, 250 F.3d at 1313, and that the state procedural rule must be "correctly applie[d]," see Bailey v. Nagle, 172 F.3d 1299, 1302 (11th Cir. 1999).

**B.    Florida Procedural Rules**

11

Under Florida law and as relevant here, a prisoner may amend his Rule 3.850 motion to raise new claims at any time prior to the entry of an order disposing of the Rule 3.850 motion, provided that the amendment is filed within two years of the date on which his judgment and sentence became final.  Fla. R. Crim. P. 3.850(b), (e).  A judgment and sentence become final for purposes of Rule 3.850 on the date the mandate issues on direct appeal.  Beaty v. State, 684 So. 2d 206, 207 (Fla. Dist. Ct. App. 1996).  A Rule 3.850 motion must include, among other things, the nature of the relief sought and a brief statement of the facts and other conditions relied on in support of the motion.  Fla. R. Crim. P. 3.850(c)(6)-(7).

Florida has adopted the prison mailbox rule for pro se Rule 3.850 motions. Haag v. State, 591 So. 2d 614, 617 (Fla. 1992).  Thus, under the mailbox rule, a pro se prisoner's Rule 3.850 motion is "deemed filed at the moment in time when the inmate loses control over the document by entrusting its further delivery or processing to agents of the state," which usually "occurs when the inmate places the document in the hands of prison officials."  Id.

If the institution in which the inmate is housed has a system designed for legal mail that records the date on which a document is delivered for mailing, and the inmate uses that system, the document is presumed to be filed on the date recorded.  Fla. R. App. P. 9.420(2)(A).  If the inmate's institution does not have

such a system, or does not record the date on which the document was delivered for mailing, Florida courts "presume that a legal document submitted by an inmate is timely filed if it contains a certificate of service showing that the pleading was placed in the hands of prison or jail officials for mailing on a particular date," and the pleading would be timely if it had been received and filed by the court on that date. Thompson v. State, 761 So. 2d 324, 326 (Fla. 2000); see also Fla. R. App. P. 9.420(2)(B). The burden then shifts to the state to prove that the document was not timely placed in prison officials' hands for mailing.[4] Thompson, 761 So. 2d at 326.

## C.    Analysis

The unusual circumstances presented in this case make for a somewhat complicated procedural default analysis. Ultimately, however, we disagree with the district court's conclusion that Morell's claims in Ground Three are unexhausted and procedurally defaulted. We explain why below.

---

[4]We note that in Haag, the Florida Supreme Court stated that, upon the denial of a Rule 3.850 motion as untimely, "the burden is on the pro se inmate to timely assert and prove that the petition was delivered to prison authorities within the requisite time limits." Haag, 591 So. 2d at 617 n.3. That statement was made, however, only in reference to the denial of Rule 3.850 motions that are untimely on their face and denied for that reason. See id. ("Unless it appears on the face of the pleading that it was timely received by the prison officials, our opinion does not mean that the court must inquire into whether every late-filed pro se petition meets the test of the mailbox rule."). That is to say, we understand Haag and Thompson to hold that (1) where a Rule 3.850 motion on its face appears timely under the prison mailbox rule, the state bears the burden of proving untimeliness, but (2) where a Rule 3.850 motion on its face appears untimely, the prisoner bears the burden of proving its timely delivery to prison officials for mailing. See id.; Thompson, 761 So. 2d at 326.

First, under the particular facts here, Morell's Amended Rule 3.850 motion was timely "filed" with the state habeas court under the prison mailbox rule.  Both the certificate of service <u>and</u> the prison mailroom date stamp on Morell's Amended Rule 3.850 motion reflect that the motion was delivered for mailing on February 24.  We recognize that the date on the certificate of service is February 24, <u>2016</u>, while the prison date stamp says February 24, <u>2015</u>.  But we know from another pleading (the motion to supplement) delivered to prison officials for mailing on the same day (February 24) that the 2015 year is a typographical error in the stamp.  Specifically,  Morell's motion to supplement, which the state habeas court did receive on April 4, 2016, likewise bore the date of February 24, 20<u>16</u> on the certificate of service but the prison stamp was dated February 24, 20<u>15</u>.  As recounted above, the state habeas court determined that Morell's motion to supplement was "filed February 24, 2016, pursuant to the 'mailbox rule,'" consistent with the February 24, 2016 date listed on Morell's certificate of service.  On April 12, 2016, the state habeas court promptly ruled on the motion to supplement, another indication that it was filed on February 24, <u>2016</u> (not the prison date stamp of February 24, 2015 on the motion to supplement).

Thus, the state having presented no evidence to the contrary, Morell's Amended Rule 3.850 motion, which bore a certificate of service dated February 24, 2016, should likewise be deemed as having been filed on February 24, 2016.

14

See Fla. R. App. P. 9.420(2)(A); Haag, 591 So. 2d at 617; Thompson, 761 So. 2d at 326.  And that February 24, 2016 filing of the Amended Rule 3.850 motion was timely under Florida law, as it was filed: (1) prior to the state habeas court's March 14, 2016 order denying Morell's original Rule 3.850 motion; and (2) within two years of the April 22, 2015 issuance of the mandate in his direct appeal, the date on which his judgment and sentence became final.  Fla. R. Crim. P. 3.850(b), (e); Beaty, 684 So. 2d at 207.  In short, Morell did attempt to give the state courts a full opportunity to address the four ineffective assistance of counsel claims in Ground Three.  The mere fact that Morell's attempt to present his four ineffective assistance claims in the state habeas court was unsuccessful through no fault of his own does not render those claims unexhausted for purposes of federal habeas review.  See O'Sullivan, 526 U.S. at 845, 119 S. Ct. at 1732.

There remains, however, the question of whether Morell's Ground Three claims, though exhausted, are nonetheless procedurally defaulted because the state courts denied those claims on an independent and adequate state procedural ground—namely, because Morell's motion to supplement did not detail the claims he sought to raise in an Amended Rule 3.850 motion.  Because the Second DCA summarily affirmed the state habeas court's decision and denied Morell's "Motion Pursuant to Manifest Injustice" without further explanation, we presume that the Second DCA relied on the same procedural ground as the state habeas court with

15

respect to Morell's Ground Three ineffective assistance claims.  See Ylst, 501 U.S. at 803, 111 S. Ct at 2594; Tejada, 941 F.2d at 1558.  The first two requirements for an independent and adequate state ground are thus clearly satisfied here.  The last state court to rule on the issue (the Second DCA) relied on a procedural ground, and that procedural ruling was not intertwined with the merits of Morell's federal claims.  See Mason, 605 F.3d at 1119-20.

We conclude, however, on the unique facts of this case, that the third requirement is not satisfied here because the state procedural rule was not "correctly applied" by the Second DCA in this case.  See Bailey, 172 F.3d at 1302. To be sure, the state habeas court was correct that Morell's February 24, 2016 motion to supplement itself did not identify the amended claims he sought to raise. But Morell's February 24, 2016 Amended Rule 3.850 motion, which bore the same certificate of service (February 24, 2016) and same prison date stamp (February 24, 2015) and which was to have accompanied his motion to supplement, did contain specific allegations detailing the additional claims he sought to raise, as required by Rule 3.850.  See Fla. R. Crim. P. 3.850(c)(6)-(7).  Not having Morell's amended motion before it, the state habeas court cannot be faulted for denying Morell's motion to supplement on the ground that it failed to specify his claims. Unlike the state habeas court, however, the Second DCA did receive a copy of the Amended Rule 3.850 motion with Morell's "Motion Pursuant to Manifest

16

Injustice," and as such was made aware that Morell had timely and properly filed an Amended Rule 3.850 motion that did set forth the amended Ground Three claims that Morell sought to raise. In the face of that documentation, it was error for the Second DCA to deny Morell's Ground Three claims on the procedural ground relied upon by the state habeas court.

Though not factually identical, we find the Second DCA's decision in King v. State, 153 So. 3d 966 (Fla. Dist. Ct. App. 2014), instructive on this point. In King, many of the defendant's claims in his original Rule 3.850 motion were stricken with leave to amend. Id. at 966. When the state habeas court did not receive a timely amendment, however, it entered an order denying relief. Id. On appeal to the Second DCA, King filed a notice to the court accompanied by an amended Rule 3.850 motion with a certificate of service "reflecting that the motion was indeed timely filed under the mailbox rule, although it apparently did not reach the [state habeas] court." Id. at 966-67 (citation omitted). Because the state habeas court had not received King's amended motion, the Second DCA affirmed the denial of King's original Rule 3.850 motion "without prejudice to King to refile his amended motion with the postconviction court." Id. at 967. The Second DCA further instructed that, "[s]hould King elect to refile his motion, the postconviction court should presume his motion was filed on the date listed on the certificate of service." Id.

17

Here, like the defendant in <u>King</u>, Morell (1) timely filed an amended Rule 3.850 motion that for some reason never reached the state habeas court and (2) notified the Second DCA of that fact on appeal.  As in <u>King</u>, then, the Second DCA should have provided Morell another opportunity to pursue his Ground Three claims before the state habeas court.  In failing to do so, the Second DCA did not "correctly appl[y]" state procedural rules and, consequently, Morell's Ground Three claims are not barred from federal habeas review by an independent and adequate state procedural ruling.  <u>See</u> <u>Bailey</u>, 172 F.3d at 1302.

## III. CONCLUSION

Because we conclude that Morell's Ground Three claims (the four ineffective assistance claims) are exhausted and not otherwise procedurally defaulted, we vacate the district court's denial of those claims and remand this case to the district court for the limited purpose of addressing Morell's Ground Three claims.

**VACATED AND REMANDED.**