# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D2023-0057
Lower Tribunal Nos. 14-CF-331 and 14-CF-14249

_____

ROBERT E. LOVELAND,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

Appeal from the Circuit Court for Lee County.
Bruce E. Kyle, Judge.

July 17, 2024

LAMBERT, B.D., Associate Judge.

Robert E. Loveland appeals the postconviction court's final order denying his Florida Rule of Criminal Procedure 3.850 motion for postconviction relief.[1] We affirm the denial of grounds one, two, and four of the motion without further discussion. For the following reasons, we reverse the court's denial of the remaining grounds.

---

[1] This case was transferred from the Second District Court of Appeal to this Court on January 1, 2023.

Loveland was convicted after trial of first-degree felony murder, robbery with a firearm, armed burglary of a dwelling with an assault and battery, and felony battery. He was sentenced to serve life in prison for the first three convictions and to ten years in prison for the felony battery, with all sentences ordered to be served concurrently. Loveland's convictions and sentences were affirmed without opinion by the Second District Court of Appeal. *Loveland v. State*, 240 So. 3d 676 (Fla. 2d DCA 2017).

Loveland's instant pro se motion for postconviction relief was timely filed and included five claims for relief. Grounds three and five alleged that Loveland's trial counsel was ineffective for failing to call an exculpatory witness to testify at trial and in abandoning a previously agreed upon theory of defense in favor of a "do nothing" strategy. The postconviction court summarily denied these two grounds of Loveland's motion for being legally insufficient.

Loveland argues on appeal that the postconviction court erred in denying these two grounds without first providing him with an opportunity to file an amended motion. We agree. Rule 3.850(f)(3) provides, in pertinent part:

> (3) *Timely Motions Containing Some Insufficient Claims.* If the motion sufficiently states 1 or more claims for relief and it also attempts but fails to state additional claims, and the motion is timely filed under this rule, the court shall enter a nonappealable order granting the defendant 60 days to amend the motion to sufficiently state additional claims for relief.

Fla. R. Crim. P. 3.850(f)(3); *see also Spera v. State*, 971 So. 2d 754, 761 (Fla. 2007) (holding that a trial court abuses its discretion when it has determined the initial rule 3.850 motion to be legally insufficient but then fails to allow the defendant at least one opportunity to amend). Accordingly, we reverse and remand with directions that Loveland be given sixty days to file an amended motion that sufficiently alleges his claims for relief in grounds three and five.

Loveland separately argues that the postconviction court reversibly erred when it refused to consider his subsequently-filed proposed amended motion for postconviction relief, which added grounds six and seven, because it had not been filed in the court file. At the time, the postconviction court had not issued an order on Loveland's initial rule 3.850 motion; and Loveland had correctly sought leave to amend his motion. *See* Fla. R. Crim. P. 3.850(e). Loveland had, however, delivered this amended motion, together with a motion for leave to amend, to the prison authorities for mailing, as reflected by the prison date stamps on the documents. Under the "mailbox rule," these documents, having been provided to the prison officers within two years of Loveland's judgment and sentence becoming final, were thus timely filed. *See Haag v. State*, 591 So. 2d 614, 617 (Fla. 1992) (explaining that under the mailbox rule, a petition, notice, or motion from a pro se inmate "is deemed filed at the moment in time when the inmate loses control over the document by

3

entrusting its further delivery or processing to agents of the state" (citing *Houston v. Lack*, 487 U.S. 266, 275 (1988))).

The State has commendably and professionally conceded that the postconviction court erred when it declined to address the proposed amended motion. We agree with the State. *See generally Norris v. State*, 832 So. 2d 969, 970 (Fla. 2d DCA 2002) ("A defendant may amend a rule 3.850 motion if the trial court has not yet ruled on the motion and the amendment is filed within the two-year time limit [of the rule]." (citation omitted)).

Having directed the postconviction court to provide Loveland with sixty days to file an amended motion for postconviction relief regarding grounds three and five of his initial motion, we further direct that Loveland may assert his previous grounds six and seven in the amended motion.

AFFIRMED in part; REVERSED in part; REMANDED with directions consistent with this opinion.

STARGEL and SMITH, JJ., concur.


Robert David Malove and Hani Demetrious of Robert David Malove, P.A., Ft. Lauderdale, for Appellant.

Ashley Moody, Attorney General, Tallahassee, and Helene S. Parnes, Senior Assistant Attorney General, Tampa, for Appellee.


NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED